P. L. TAYLOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10020.   Promulgated April 9, 1928.

*A. C. Lowell, Esq.*, for the petitioner.
*J. W. Fisher, Esq.*, for the respondent.

442

OPINION.

TRUSSELL: Petitioner insists that he should be taxed on only that portion of the community income of which he ultimately received the benefit and enjoyment, taking the taxable year as a whole. He points to the fact that within that year the community ceased to exist, an involuntary division taking place by decree of court, the effect of which was to assign his wife 51 per cent of the community income for that year.

The respondent admits that the effect of the decree of December 10, 1920, was to give the wife 51 per cent of the community income,

but insists that all of that income is nevertheless taxable to petitioner as it was all received by him prior to that date, and his liability thereupon became fixed and could not be altered by later events.

We have had for consideration in several cases the question of the tax liability of the husband for community income received by him but transferred to his wife under an existing voluntary contract of assignment, and have held such income received by him as thereupon stamped with the character of community income, and as such taxable to him. *Guy C. Earl*, 10 B. T. A. 723; *Walter B. Maling*, 10 B. T. A. 1237.

The present case is distinguished from those cited in that the assignment of income to the wife was not voluntary but by order of court and was an incident of the proceeding under which the community itself ceased to exist as such. Are these conditions such as to exclude the present case from the application of the rule stated, and call for a different conclusion?

We can see no difference in the case of an involuntary transfer by order of court of community income already received by the husband, and its voluntary transfer by him in so far as his tax liability is concerned. In both cases the income was actually received by him and its character and status as community income, for purposes of taxation, are thereby fixed. Such income is taxable to the husband when received. *United States* v. *Robbins*, 269 U. S. 315.

This same reasoning applies to the question raised that the transfer of 51 per cent of this income to the wife was in a division of the community itself. It is admitted that it was community income, was received by petitioner and placed in a bank to his account and it can not be questioned that it was in his hands, subject to his unrestricted use and liable for his debts for a period prior to the action of the court under which the division was made. The Circuit Court of Appeals in the case of *Blair* v. *Roth*, 22 Fed. (2d) 932, in considering the question of whether the husband's tax liability for community income received by him was affected by subsequent transfer of that income said:

In essence his contention is that, at most, the agreement here was for an assignment by each of the parties of one-half of his or her earnings to the other; that, at the instant they were received, the salaries were, by the law, impressed with the status of community property, and were taxable with reference to that status, and that the obligation to pay the tax so computed could not be escaped by contributing such incomes to the so-called partnership between the two members to the community, any more effectually than by contributing it to a like enterprise as between one member of the community and a third person. In this view we concur.

We can not see that the division of the community within the taxable year altered petitioner's tax liability in respect to income received by him prior to such division. This is manifestly so when

we consider that the income actually transferred to petitioner's wife in the division made of the community property was not received by her as such, but as a portion of the 51 per cent of the total community estate allotted to her under the decree of the court. It merely happened that at the time this decree was entered the community estate included the entire income for the current year which had recently been received by petitioner and was, as yet, unexpended.

It is insisted by petitioner, in the alternative, that if he is taxable on the total community income for the year 1920, he is due the $200 credit allowed him by section 216 (d) of the Revenue Act of 1918 for each of the four minor children who made their home with his wife during that year.

The record shows that the entire support of these children up to December 10, of that year, was by the allowance of $175 per month made by petitioner to his wife for that purpose and by the decree entered on that date he was required to pay in future the sum of $20 per month for the support of each child. Respondent has allowed petitioner a credit in the amount of $600 for that year for the dependent son and two children who made their home and derived their total support from him during that year. He is entitled to the additional credit asked. *O. B. Barker et al.*, 3 B. T. A. 1180.

The deficiency should be recomputed in accord with the foregoing findings of fact and opinion.

Reviewed by the Board.

> *Judgment will be entered upon 15 days'*
> *notice, pursuant to Rule 50.*