HARRY AND ADELE M. SOMMERS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75632. Promulgated April 23, 1935.

*John B. Peery, C. P. A.*, for the petitioners.
*E. A. Tonjes, Esq.*, for the respondent.

### OPINION.

BLACK: This proceeding is for redetermination of a deficiency in income tax for the taxable year 1931 in the amount of $1,605.19, the greater part of which is conceded by petitioners.

The only remaining issue is whether petitioners, who, as husband and wife, filed a joint return for 1931, are entitled, under section 25(d) of the Revenue Act of 1928, to a credit of $400 for each of Mrs. Sommers' three children by a former marriage. Two other errors were assigned but were settled by stipulation. The stipulation is hereby made a part of this report by reference and effect thereto should be given under Rule 50.

Adele M. Sommers is the mother of three children who were all under eighteen years of age during the taxable year 1931. A part of the support of these children comes from trusts established by Mrs. Sommers' first husband and father of said children, Roscoe H. Trumbull. The total income from these trusts amounts to approximately $3,000 per annum for each child, which income was all expended by Mrs. Sommers during the taxable year in question for the support, education, and comfort of the children.

The total living and family expenses of petitioners for themselves and the three children for the taxable year 1931 amounted to the sum of $44,851.69. In connection with this fact the parties have stipulated, "That nothing in this paragraph shall be construed to mean that the living expenses of any member of the family is in any particular amount."

An income tax return on form 1040 A was filed for each of the three children for the taxable year 1931 in which all of the trust income was reported.

Section 25, *supra*, so far as is here material, provides:

There shall be allowed for the purpose of the normal tax, but not for the surtax, the following credits against the net income.

*    *    *    *    *    *    *

(d) *Credit for dependents.*—$400 for each person (other than husband or wife) dependent upon and receiving his chief support from the taxpayer if such dependent person is under eighteen years of age * * *.

The children were all under eighteen years of age. Therefore, the question for our determination is whether the children were " dependent upon " and received their " chief support " from petitioners. Congress has not defined the meaning of " dependent upon " and " chief support." The Commissioner has defined these expressions in his regulations. Art. 304, Regulations 45 (1918 Act), 62 (1921 Act), 65 (1924 Act), 69 (1926 Act) ; art. 294, Regulations 74 (1928 Act), 77 (1932 Act) ; and art. 25–6, Regulations 86 (1934 Act), all contain the following identical provision:

The credit is based upon actual financial dependency and not mere legal dependency. It may accrue to a taxpayer who is not the head of a family. But a father whose children receive half or more of their support from a trust fund or other separate source is not entitled to the credit.

This administrative construction must be deemed to have received legislative approval, since all the revenue acts from 1918 to 1934, inclusive, have been identical in allowing a credit " for each person (other than husband or wife) dependent upon and receiving his chief support from the taxpayer if such dependent person is under eighteen years of age * * *." Sec. 216 (d), Revenue Acts of 1918, 1921, 1924, 1926; sec. 25 (d), Revenue Acts of 1928, 1932; sec. 25 (b) (2), Revenue Act of 1934. Cf. *McCaughn* v. *Hershey Chocolate Co.*, 283 U. S. 488; *United States* v. *Dakota-Montana Oil Co.*, 288 U. S. 459; *Zellerbach Paper Co.* v. *Helvering*, 293 U. S. 172.

The petitioners contend that the income derived from the trust, approximating $3,000 a year for each of the children, is insufficient to support them in the manner and in the style to which they have in the past been accustomed and in which they are now living. It is argued that it constitutes less than one half of the amounts expended on their behalf in the maintenance of the family's standard of living. It is their contention, therefore, that under the statutes and the interpretative regulations they are entitled to a credit for three dependents.

The argument of the petitioners is based on the conclusion that because the sum of $45,000 was expended in living expenses, to maintain a family of five persons, the living expenses of one of those five persons is $9,000. We think, however, that under the stipulated facts such a holding is not justified because it is specifically provided in paragraph 5 of the stipulation " That nothing

in this paragraph shall be construed to mean that the living expenses of any member of the family is in any particular amount."

It is clear that the children were not entirely dependent upon petitioners, since, as we have already pointed out, they each received approximately $3,000 from the trusts established by their father, and this money was expended for their support, education, and maintenance.

We think it was necessary for petitioners to show under the Commissioner's regulations cited above that the amount necessary to support each child according to his or her station in life was an amount at least in excess of $6,000 and that they furnished over one half of the amount necessary. This, we think they have failed to do, and we must, therefore, sustain the respondent's determination on this point.

Reviewed by the Board.

*Decision will be entered under Rule 50.*