ELEANOR L. MACK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86856. Promulgated June 21, 1938.

*Harry W. Mack, Esq.*, for the petitioner.
*W. W. Kerr, Esq.*, and *L. H. Rushbrook, Esq.*, for the respondent.

OPINION.

Harron: The Revenue Act of 1932, in sections 25 (c) and 25 (d), set forth in the margin,[1] allows a personal exemption of $2,500 to "the head of a family" and a credit of $400 for each person dependent upon and receiving his chief support from the taxpayer, if such dependent person is within a certain prescribed class. In this proceeding the questions are, only, (1) Was petitioner the chief support of dependent persons who were under eighteen years of age? and (2) was petitioner "the head of a family" within the meaning of that phrase in the pertinent provisions of the revenue act? These questions are to be determined chiefly upon the facts before us.

Petitioner and her former husband, Kohn, were parties to a separation agreement that provided that Kohn pay petitioner annually an agreed sum. The support and maintenance and custody provisions of the separation agreement were adopted and made part of the decree divorcing petitioner from Kohn. The agreement as to support contained the provision that in the event of petitioner's remarriage the basic, annual payment of $12,000 would be reduced by the amount of $4,000. From this it appears in the terms of the support provisions in force in 1933 that the parties intended that at

[1] SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(c) Personal Exemption.—In the case of a single person, a personal exemption of $1,000; or in the case of the head of a family or a married person living with husband or wife, a personal exemption of $2,500. A husband and wife living together shall receive but one personal exemption. The amount of such personal exemption shall be $2,500. If such husband and wife make separate returns, the personal exemption may be taken by either or divided between them.

(d) Credit for Dependents.—$400 for each person (other than husband or wife) dependent upon and receiving his chief support from the taxpayer if such dependent person is under eighteen years of age or is incapable of self-support because mentally or physically defective.

least $4,000 of the basic sum of $12,000 was for the support and maintenance of the wife and that $8,000 was for the support of the three children. This construction appears to us to be a valid construction of the agreement. Whether or not, up to any such time as the divorced wife should remarry, it was within her discretion to use more or less than $8,000 per year for the support of the minor children, is not a question before us. However, we deem it material in determining the questions before us to consider whether there is a basis for concluding how much of the $5,100 paid by Kohn to petitioner in 1933 was for the support of the children. The questions at issue involve determining who was the chief support of the dependent minor children as well as to what extent petitioner contributed to the support of the children.

Counsel for petitioner contends that all that petitioner received from Kohn be deemed to have covered her own expenses before the expenses of the children, since there was no allocation of the payments in fixed amounts to the uses of petitioner and of the three children separately. However, petitioner's counsel ignores the provision relating to reduction of payments by $4,000 in the event of the wife's remarriage, and we think his argument on this point is not strictly material in a tax proceeding. We believe, therefore, that it was the intent of petitioner and Kohn that one-third of Kohn's payments were to be for the wife's support and two-thirds for the children's support. Kohn paid under his agreement $5,100 in 1933. The use of $300 for attorney's fees by petitioner must be regarded as an expenditure made within her discretion. We must conclude that Kohn contributed $1,700 to petitioner's support and $3,400 to the children's support in 1933. Since the cost of the children's support was $6,400 in 1933, it then follows that petitioner contributed $3,000 to their support, which was a substantial contribution to their support but was less than one-half of the cost. The above conclusion on the facts before us is deemed a fair interpretation of the facts in the absence of the introduction of more specific evidence by petitioner, upon whom rests the burden of proof. Petitioner paid $1,200 for tuition for the children in day school and dancing school. The balance, $5,200, cost of maintaining the children, represents three-fourths of common living expenses and separate expenses of the children. The manner in which petitioner used income from Kohn, and her own income, does not provide any certain way of finding exactly how much each parent contributed and we therefore make what appears to us to be a reasonable conclusion from the facts presented.

Turning then from the facts to the law to be applied, we hold, first, that petitioner is not entitled to credits for dependents under section 25 (d), because she was not the chief support of the minor children. To meet the statutory requirement, a taxpayer must show that he is

the "chief" support. The Commissioner, by his regulations, article 294 of Regulations 77,[2] has interpreted the statutory provision uniformly over a long period. We believe his interpretation is consistent with the statutory provision, and that it has received legislative approval. A parent whose children receive half or more of their support from a separate source is not entitled to the credit under section 25 (d). Cf. *Harry Sommers*, 32 B. T. A. 490. The children of petitioner received more than half their support from sources separate from petitioner's own personal income.

Under the facts presented here, determination of the question whether petitioner was "the head of a family" under the provision allowing a personal exemption of $2,500, is difficult. However, we are of the opinion that petitioner meets essentially all the requirements necessary to be so classified. The Commissioner's interpretation of the clause used in the statute, set forth in the margin,[3] has long been recognized as a fair interpretation and as having received legislative approval. *Alfred E. Fuhlage*, 32 B. T. A. 222. Here the facts clearly show that petitioner exercised family control over three dependents connected with her by blood ties and maintained them in one household with herself. Petitioner had custody of her minor children under a decree of divorce. The crucial question is whether petitioner meets the test on the matter of actual support of the dependents. The Commissioner has, from time to time, given construction of what constitutes "actual support", as stated in his regulation quoted above. He has said that "supports" means furnishing more than one-half of the support of dependents. See Office Decision 75, Cumulative Bulletin 4, p. 214; G. C. Memorandum 10431, Cumulative Bulletin XI-1, p. 37. He has said elsewhere that a parent can claim exemption as "head of a family" provided a child is in a material degree dependent on the parent for support. Office Decision 474, Cumulative Bulletin 2, p. 159. Respondent contends here that petitioner did not actually support her dependent children

---

[2] Art. 294. *Credit for dependents.—*

\* \* \* \* \* \* \*

The credit is based upon actual financial dependency and not mere legal dependency. It may accrue to a taxpayer who is not the head of a family. But a father whose children receive half or more of their support from a trust fund or other separate source is not entitled to the credit.

[3] Art. 292. *Personal exemption of head of family.—*A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. In the absence of continuous actual residence together, whether or not a person with dependent relatives is a head of a family within the meaning of the Act must depend on the character of the separation. If a father is absent on business, or a child or other dependent is away at school or on a visit, the common home being still maintained, the additional exemption applies. If, moreover, through force of circumstances a parent is obliged to maintain his dependent children with relatives or in a boarding house while he lives elsewhere, the additional exemption may still apply. \* \* \* \*

but we have found that petitioner contributed substantially, almost one-half of the children's support. We believe that the facts show that the children were to a material degree dependent for their support upon petitioner in the taxable year. Had Kohn paid to petitioner all he had agreed to pay in 1933, there would not have been any dependence upon the petitioner, but the facts show that petitioner materially contributed to her children's support and we are of the opinion that she was under a legal obligation to do so in view of the father's defaults. We, therefore, hold that under the facts petitioner was "the head of a family" in the taxable year and is entitled to the personal exemption of $2,500. Cf. *Hannah D. Stratton*, 5 B. T. A. 1025.

Reviewed by the Board.

*Decision will be entered under Rule 50.*