### M. A. WILLEM, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93626.   Promulgated May 18, 1939.

*George Landwehr*, *C. P. A.*, for the petitioner.
*Joe D. Hughes*, *Esq.*, for the respondent.

#### OPINION.

SMITH: This proceeding is for the redetermination of a deficiency in income tax for 1936 of $47.83.

The petitioner is a resident of New Orleans, Louisiana. In his income tax return for 1936 he claimed a credit of $1,200 for the support of his three minor children, all under 18 years of age. This credit was disallowed by the respondent in the determination of the deficiency. If petitioner is entitled to the credit claimed there is no deficiency for 1936 due from the petitioner.

On November 15, 1935, the petitioner was divorced from Della McDonough Willem and the judgment of the Civil District Court of the State of Louisiana granting such divorce was entered on that date. By the decree of the court the wife was granted "the permanent care, custody and control", of three minor children all under the age of 18 years during 1936. The court also awarded judgment in favor of Della McDonough Willem against the petitioner in the amount of $135 per month "as permanent alimony, for the support of said plaintiff and minor children."

During the year 1936 the petitioner paid to his divorced wife $135 per month pursuant to the decree of the court and such amount constituted her entire income for the year 1936.

The applicable provisions of the statute are found in section 25 of the Revenue Act of 1936, which reads in material part as follows:

SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.

\*          \*          \*          \*          \*          \*          \*

(b) CREDITS FOR BOTH NORMAL TAX AND SURTAX.—There shall be allowed for the purposes of the normal tax and the surtax the following credits against net income:

\*          \*          \*          \*          \*          \*          \*

(2) CREDIT FOR DEPENDENTS.—$400 for each person (other than husband or wife) dependent upon and receiving his chief support from the taxpayer if such dependent person is under eighteen years of age or is incapable of self-support because mentally or physically defective.

In his brief the respondent contends that the petitioner "is not entitled to a credit for dependents by reason of the alimony payments made to his divorced wife since the judgment of the Court granting the divorce did not specify any separate amount for the support of the minor children."

In *Eleanor L. Mack*, 37 B. T. A. 1101, where a wife had obtained a divorce and had been given custody of her three minor children and more than half of the amount used by the wife for the support of the children was obtained from the monthly payments which she received from the husband under a separation agreement and court order, we held that not the wife but the husband was entitled to credit for the three dependent children. To the same effect is *P. L. Taylor*, 11 B. T. A. 441, where after separation and divorce the wife had the custody of four minor children, but the husband furnished their entire support.

Respondent in his brief attempts to distinguish *Eleanor L. Mack*, *supra*, on the ground that a division of the husband's monthly payments to the wife could be made between the amounts that were received by the wife for her own use and the amounts that were received by her for the support of the children. Respondent argues that such an allocation is necessary in order for the husband to be entitled to the credit for support of the children. In this contention he relies upon I. T. 2096, C. B. III–2, p. 163. This ruling is as follows:

A father who furnishes the chief support of his child is entitled to the credit for a dependent whether the custody of the child has been awarded to the mother under the court decree or whether the support is furnished as the result of an agreement between husband and wife not entered into through court proceedings. If the court orders the father to pay the wife alimony and no specific mention is made in the decree as to any amount to be set aside for the support of the child, the father is not entitled to the credit for a dependent, even though the alimony is the only means which the wife has for the support of herself and child.

This ruling, we think, imposes an unwarranted restriction on the rights granted to taxpayers by the statute. It is not required of the taxpayer claiming the credit to prove what particular amount he contributed to the support of the dependents. It is enough if he establishes that he contributed their chief support.

Although we did find in the *Eleanor L. Mack* case that a definite portion of the payments which the husband made to the wife was intended for the support of the minor children, the decision did not need to rest upon that point. The determining fact there was that the taxpayer claiming the credit, the wife in that case, was not the chief contributor to the support of the dependents and therefore was not entitled to the credit. It might be pointed out that the position

taken by the respondent in that case was directly contrary to the one which he takes in the instant case.

In the instant case the stipulated facts are that the monthly payments made by the petitioner to his wife were, by force of the court's decree, to be used in part at least for the support of the minor children and that these payments were the only income received by the wife during the taxable year. It follows that the minor children were dependent upon and received their chief support from the petitioner. We are of the opinion, therefore, that the petitioner is entitled to the credit claimed.

*Judgment of no deficiency will be entered.*