*Decision will be entered under Rule 50.*

CLARENCE D. KERR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 106488, 106489, 107560. Promulgated May 19, 1942.

*Richard W. Wilson, Esq.*, for the petitioner.
*William G. Ruymann, Esq.*, for the respondent.

OPINION.

ARUNDELL: Section 25 (b) (2) of the Revenue Acts of 1936 and 1938 provides for credit for dependents in the amount of $400 for each person dependent upon and receiving his chief support from the taxpayer, if such person is under 18 years of age or is incapable of self-support because mentally or physically defective. This provision of the law, which has appeared in substantially the same form for years, has been implemented by regulations of the Commissioner.[1] The allowance of a credit of $400 for dependents under 18 years of age is primarily a recognition of the obligations of parenthood, although the statute does not limit the allowance to dependent children. The fact that the credit stops at 18 years of age except in the case of physical or mental disability is no doubt due to the fact that in the average American family a child after reaching 18 years of age is regarded as capable of self-support.

In order that the credit be allowed it is necessary that the support be given to one who is in fact dependent upon the giver and the

---

[1] ART. 25-6. [Regulations 94 and 101.] *Credit for Dependents.*—A taxpayer * * * receives a credit of $400 for each person (other than husband or wife), whether related to him or not and whether living with him or not, dependent upon and receiving his chief support from the taxpayer, provided the dependent is either (a) under 18, or (b) incapable of self-support because defective.

The credit is based upon actual financial dependency and not mere legal dependency. It may accrue to a taxpayer who is not the head of a family. But a father whose children receive half or more of their support from a trust fund or other separate source is not entitled to the credit.

financial assistance given must constitute the chief support of the dependent. Each family constitutes a unit and, except in extraordinary circumstances, the dependents of one family are not to be credited as dependents of another. That petitioner's two sons, John and Clarence, were both legally and morally required to care for their own children seems clear and that those childen were the dependents of their own parents and not of their grandparents we believe to be equally clear.

Petitioner is a well-to-do man. During the years in question he found his two married sons in financial difficulties due to the fact that their earnings were modest, sickness was present, and children had arrived rapidly. Petitioner came to their aid in a liberal way. The earnings of John, who apparently was in most need of funds, while limited in 1937, were more substantial during the years 1938 and 1939 and in fact were greater in amount than the income of the average American family, even though his income did not permit him and his family to live in the manner in which John had been accustomed. Clarence's income was less, but his obligations were less, and apparently he did not suffer the same degree of hard luck as seems to have followed his brother.

The contributions made by petitioner during the several years were to his two sons and their families as a whole and were not made specifically to or for the benefit of his grandchildren. It is true that petitioner's generosity permitted the grandchildren to be cared for in a manner that would not have been possible but for his assistance, but this does not, in our opinion, make them dependents of their grandfather, either legally or otherwise. See *L. B. Hirsch*, 42 B. T. A. 566, 579; affd., 124 Fed. (2d) 24. During all of these years the grandchildren continued to live with their own parents and during the whole period their fathers were gainfully employed. Even though a person may furnish the chief support of a minor, it does not necessarily follow that he is entitled to a dependency credit. It must also appear that the support given is to one who is in fact dependent upon him.

There are no doubt many instances where grandchildren are dependent upon and receive their chief support from their grandparents (I. T. 3226, C. B. 1938-2, p. 148), but it seems to us that in the instant proceedings the gifts were essentially to John and Clarence for the family as a whole and not to the grandchildren as such. As Congress limits the deduction for dependents to instances where the dependent is under 18 years of age, one may not secure the coveted credit by attempting an entrance by way of the back door when the front door is barred.

*Decision will be entered for the respondent.*