Alfred D. Hardy v. Commissioner.
Hardy v. Commissioner
Docket No. 15542.
United States Tax Court
1948 Tax Ct. Memo LEXIS 171; 7 T.C.M. (CCH) 348; T.C.M. (RIA) 48107; June 4, 1948
*171 On the evidence, Held, petitioner failed to prove that he contributed over half the support of his two minor daughters during the taxable year. J. T. Sikes, Esq., Marietta St. Bldg., Atlanta, Ga., and E. A. Wright, Esq., for the petitioner. Bernard D. Hathcock, Esq., for the respondent. ARNOLD Memorandum Findings of Fact and Opinion ARNOLD, Judge: The respondent determined a deficiency of $200 in petitioner's individual income tax for the calendar year 1944. The sole issue is whether during the taxable year petitioner furnished over half the support of his two minor daughters, whom he claimed as dependents. Findings of Fact The petitioner is an individual residing in East Point, Georgia. His income tax return for *172 the calendar year 1944 was filed with the Collector of Internal Revenue at Atlanta, Georgia. In this return he computed his tax under Supplement T of Chapter 1 of the Internal Revenue Code, taking credit for three surtax exemptions. Two exemptions were claimed for Sarah Anne Hardy and Patricia Kathrine Hardy, minor daughters of petitioner. Petitioner was divorced from his wife, Lurleene J. Hardy, by decree of the Superior Court of Fulton County, Georgia, dated November 10, 1943. The decree provided: "It is further ordered that Alfred D. Hardy pay to Mrs. Lurleene J. Hardy the sum of $20.00 per month beginning Nov. 23, 1943 for the support of Sarah Anne; and the further sum of $20.00 per month beginning Dec. 8, 1943 for the support of Patricia Kathrine; both of above payments to continue until each child reaches the age of nineteen; the possession and control of the house described in the pleadings shall be in Mrs. Lurleene J. Hardy until she remarries or dies; custody of the minors awarded to mother with right of father to visit and have them in his company at any reasonable time. "It is further ordered that Alfred D. Hardy pay the notes for the balance of the purchase price *173 of the premises described in the pleadings together with all taxes and insurance on the same." Pursuant to the decree petitioner, in 1944, paid $480 in cash to his former wife for support of his daughters and paid $300 on notes on the purchase price of the house occupied by his wife and children. He also paid $15.88 on account of taxes and $23.56 for insurance on the house. Petitioner paid about $160 or $170 for clothing for his daughters, paid medical or dental bills on their account of approximately $25, and about $15 for dinners for one or both of his daughters in his company. Petitioner's former wife maintained a home for the daughters, was employed, and contributed from her own earnings toward their support. The evidence fails to prove that petitioner contributed over one-half the support of his two minor children during the taxable year. Opinion The petitioner claimed surtax exemptions for 1944 for two minor daughters, as dependents. Under section 25 (b) he is entitled to such exemptions if he furnished over one-half the support of his daughters for the calendar year. Eleanor L. Mack, 37 B.T.A. 1101; M. A. Willem, 39 B.T.A. 898. The evidence *174 adduced at the hearing shows approximately how much the petitioner paid toward the support of his daughters, but does not show the total amount expended for the support of the children or that petitioner contributed more than half the amount so expended. It appears that their mother contributed toward their support and that she may have claimed at least one of the daughters as a dependent during the year. There being no showing of the total cost of the support of the children or of the amount contributed by their mother, the petitioner has failed to prove that his contributions amounted to more than half the total cost. Decision will be entered for the respondent.