Morris Woodman v. Commissioner.
Woodman v. Commissioner
Docket No. 32945.
United States Tax Court
1952 Tax Ct. Memo LEXIS 55; 11 T.C.M. (CCH) 1047; T.C.M. (RIA) 52308; October 27, 1952
*55 On the evidence, held, petitioner failed to prove that he contributed over half the support of his two minor sons during the taxable year, and consequently is not entitled to the exemption provided by Section 25 (b) (1) (C), Internal Revenue Code. Morris Woodman, per se. George T. Donohue, Jr., Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: This proceeding involves a deficiency in income tax in the amount of $190 asserted by the respondent for the calendar year 1947. The issue is whether the petitioner is entitled to the dependency credit under section 25 (b) (1) (C) of the Internal Revenue Code for either or both of his two minor sons for the year 1947. The evidence consists of oral testimony given by petitioner, and exhibits received at the hearing. Findings of Fact The petitioner is an individual residing in Chicago, Illinois. His return for the period involved was filed with the collector of internal revenue for the first district of Illinois. Petitioner was married to Bertha Woodman in 1931 and two sons were born of this marriage, one in 1934 and one in 1938. Petitioner *56 was divorced from his wife, Bertha Woodman, by decree of Superior Court of Cook County, Illinois entered in 1946. The decree provided that Bertha Woodman waived alimony, granted to Bertha Woodman the sole care and custody of the two sons, and required petitioner to contribute $65 per month to the support of the two sons. Pursuant to this decree petitioner paid $780 in 1947 to his former wife for the support of their two sons. Petitioner's two sons visited with him weekly, at which time he spent an indeterminate amount on them for meals, entertainment, toys, and some articles of clothing. In his income tax return for the year 1947 petitioner claimed a dependency credit for each of his two sons, which was disallowed by respondent for lack of evidence sufficient to show that either of the sons had received more than half his support during 1947 from petitioner. During 1947 petitioner's former wife maintained a home for herself and two sons. During this period she was employed and received total wages of $2,561.42. In her income tax return for 1947 she claimed and was allowed her two sons as dependents. The evidence fails to establish that petitioner contributed over one-half of the *57 support of his two minor sons during the taxable year. Opinion The question for decision in this case is whether petitioner furnished more than half of the support of either or both of his two sons during the taxable year 1947, so as to entitle him to a dependency credit for either or both of said sons during the taxable year under section 25 (b) (1) (C), Internal Revenue Code. Section 25 (b) (1) (C) of the Internal Revenue Code as applicable to the calendar year 1947, provides for a credit against net income of $500 for each dependent whose gross income is less than that amount. The term "dependent" includes a son over half of whose support for the calendar year involved was received from the taxpayer. Section 25 (b) (3) (A). Petitioner claimed to have furnished a total of $1,234.39, including the sum of $780 paid pursuant to the divorce decree. Except for the $780, petitioner offered no invoices, receipts, cancelled checks, or other record evidence of payment. Of the remaining portion, $56.39 represented expenditures for certain toys and articles of clothing which he specifically recalled purchasing and the amount paid for each item; *58 $398 however, represented petitioner's estimates of amounts expended by him for meals, entertainment, bus fares, and spending money. Impossibility of proof does not help the taxpayer where he has the burden of proof. George Ungar, 18 T.C. 688 (June 30, 1952). No evidence was offered as to the total amount expended for the support of the two sons. They lived with their mother, petitioner's former wife, who was employed and earned a total of $2,561.42 during the taxable year 1947. Assuming not more than one-half the mother's earnings were spent toward support of the two sons, the total expenditures claimed by petitioner would be less than that spent by their mother. Petitioner is entitled to the exemptions claimed only if he furnishhed over one-half the support of his sons for the calendar year. Eleanor L. Mack, 37 B.T.A. 1101; M. A. Willem, 39 B.T.A. 898. See also Ollie J. Kotlowski, 10 T.C. 533. There being no showing of the total cost of the support of the children, or of the amount contributed by their mother, the petitioner has failed to prove that his contributions amounted to more than one-half the total cost. Decision *59 will be entered for the respondent.