Allie Norwood Root v. Commissioner.
Root v. Commissioner
Docket No. 39730.
United States Tax Court
1953 Tax Ct. Memo LEXIS 404; 12 T.C.M. (CCH) 28; T.C.M. (RIA) 53015; January 16, 1953
*404 On the evidence, held, petitioner failed to prove that he contributed over half the support of his two minor children during the taxable year, and consequently is not entitled to the exemption provided by Section 25 (b) (1) (C), Internal Revenue Code. Theodore Hudson, Esq., for the petitioner. Frederick T. Carney, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: This proceeding involves a deficiency in income tax in the amount of $208 asserted by the respondent for the calendar year 1950. The issue is whether petitioner is entitled to the dependency credit under Section 25 (b) (1) (C) of the Internal Revenue Code, for either or both of two minor children for the year 1950. Petitioner admitted the making of a $10 error in computation in his return for the taxable year. The evidence consisted of oral testimony given by petitioner and exhibits received at the hearing. Findings of Fact The petitioner is an individual residing in Nashville, Tennessee. His return for the period involved was filed with the collector of internal revenue for the district of Tennessee. The petitioner *405 was married three times. The first marriage, of which one child, not involved in this proceeding, was born, terminated upon the death of his wife in 1941. The second marriage, to Pearl Owen, terminated upon entry of a divorce decree in March 1946. One child, Doris Jean Root, was born of this second marriage. The divorce decree granted custody of this daughter to the mother and directed petitioner to pay the sum of $7.50 per week for the maintenance and support of said child. The third marriage, to Marjorie Miller, the latter part of 1946, was terminated upon entry of a divorce decree in 1949. One child, Richard, was born of this third marriage. The divorce decree awarded custody of the minor son to the mother and directed the petitioner to pay the sum of $30 per month for the maintenance and support of said minor son. During the year 1950 petitioner paid the total sum of $360 for the support and maintenance of his minor daughter, Doris Jean Root. He also paid the total sum of $360 directly, or through the Veterans Administration, for the support and maintenance of his minor son, Richard. In his income tax return for the year 1950 petitioner claimed a dependency credit for each of *406 his two minor children, Doris Jean and Richard Root, which was disallowed by respondent for lack of evidence to show that either of said children had received more than half his support during 1950 from petitioner. During 1950 petitioner's former wives, Pearl Owen Root, and Marjorie Miller Root, maintained homes for themselves and their respective children. Both Pearl Owen Root and Marjorie Miller Root were employed during 1950 and received total wages in the amounts of $2,783.85 and $1,658.86 respectively. In their income tax returns for 1950 each claimed and was allowed her minor child as a dependent. The evidence fails to establish that petitioner contributed over onehalf of the support of either or both of his minor children, Doris Jean and Richard Root, during the taxable year. Opinion The question for decision in this case is whether petitioner furnished more than half the support of either or both of his two minor children, Doris Jean and Richard Root, during the taxable year 1950, so as to entitle him to a dependency credit for either or both of said children during the taxable year under section 25 (b) (1) (C), Internal Revenue Code. No evidence *407 was offered as to the total amount expended for the support of either or both of said children. They lived with their respective mothers, each of whom was employed and earned substantial wages during the taxable year. Petitioner is entitled to the exemptions claimed only if he furnished over one-half of the support of his minor children for whom dependency credit is claimed for the calendar year involved, Eleanor L. Mack, 37 B.T.A. 1101; M. A. Willem, 39 B.T.A. 898. See also Ollie J. Kotlowski, 10 T.C. 533. There being no showing of the total cost of the support of the children, or of the amount contributed by their mothers, the petitioner has failed to prove that his contributions amounted to more than one-half the cost. Decision will be entered for respondent.