Joseph P. Rinnert and Mary A. Rinnert v. Commissioner.
Rinnert v. Commissioner
Docket No. 41980.
United States Tax Court
1953 Tax Ct. Memo LEXIS 215; 12 T.C.M. (CCH) 661; T.C.M. (RIA) 53205; June 10, 1953
*215 Joseph P. Rinnert, 1515 Linda Rose Avenue, Los Angeles, Calif., pro se. George E. Constable, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner has determined a deficiency in income tax for the year 1948 in the amount of $199.18. The question is whether the petitioner, Joseph P. Rinnert, is entitled to dependency credits in 1948 for two children. The respondent disallowed two dependency credits for the following reason: "Credit for dependent daughters Suzanne and Diana Rinnert has been disallowed. Information submitted does not substantiate contribution of chief support. A person must contribute over one-half of total support for the year in order to be entitled to credit for dependent." Findings of Fact The petitioner is a resident of Los Angeles, California. A joint return of the petitioner and his present wife, Mary A. Rinnert, for 1948 was filed with the collector for the sixth district of California. Since the issue presented relates only to Joseph P. Rinnert, he is referred to hereinafter as the petitioner. Suzanne and Diana Rinnert are the children of the petitioner and his former wife, Viola Rinnert. *216 In 1948, both children were minors; Suzanne was nine years old, and Diana was six years old. The petitioner has three other children, a total of five. Petitioner and Viola Rinnert were divorced by virtue of the entry of a final decree of divorce of the Superior Court of California, entered September 25, 1945. The final decree of divorce awarded custody of the two children to their mother, Viola. The two children lived with their mother during 1948 in the city of Marion, Ohio. Viola Rinnert and the two children lived with Viola's parents. The petitioner has remarried. His former wife, Viola, had not remarried during 1948. During 1948, petitioner made two visits to Marion, Ohio, to see the children. Each visit was for three or four days. Prior to their divorce, petitioner and Viola entered into a property settlement agreement the terms of which were incorporated into the final decree of divorce. Petitioner, under the decree of divorce and the property settlement, is obligated to pay $30 monthly for the support of each of the two children in question until each child becomes of age; he is obliged to keep in effect insurance upon his own life, payable $5,000 to each child until *217 each child becomes of age; and he is obliged to keep in effect a $500 twenty-year endowment policy on the life of each child. During 1948, Viola Rinnert taught school and her earnings amounted to about $2,150 for that year. She had no other income. Petitioner was not required, under the divorce decree or property settlement to pay Viola any alimony. Neither of the two children in question had any income of their own during 1948. During 1948, the petitioner contributed for the support of the two children involved in this proceeding the total amount of $852, of which $390 was contributed for the support of Suzanne, and $462 was contributed for the support of Diana. The petitioner sent checks to Viola Rinnert in the total amount of $792 for the support of the two children. He sent clothing to the two children for which he spent $50, and he purchased for $10, educational phonograph records for the two children. The total amount of all of petitioner's contributions to the support of the two children in 1948 is $852. Opinion The petitioner contends that Suzanne and Diana Rinnert were his dependents during 1948, and that he is entitled to two credits of $600, each, for them. *218 The petitioner must establish by competent proof that over one-half of the support for 1948 of each of his children, Suzanne and Diana, was received from him. See sections 25 (b) (1) (D) and 25 (b) (3) of the Internal Revenue Code. Neither of the children involved here had any income of their own during 1948, and both were petitioner's children. All of the requirements of sections 25 (b) (1) (D) and 25 (b) (3) are satisfied except the requirement that each child received more than one-half of her support from the petitioner. With respect to the latter fact, petitioner has the burden of proof. The petitioner bases his claim that each of the children received more than one-half of their support in 1948 from him upon his personal experience in supporting his other children, upon his observations of the circumstances in which the two children lived with their mother and maternal grandparents, and upon his information about his former wife's income and activities. He testified that he strongly believes that the actual cost of the support of each child was under $700 in 1948. Upon such belief, he contends that each child received more than half of her support from *219 him. The former wife of the petitioner claims that in 1948, each child received more than half of the support from her, according to petitioner's and respondent's understanding. Petitioner's former wife did not testify in this proceeding, and petitioner was unable to obtain from her the facts about the total amount expended for the support of each child and about the amount contributed by Viola for the support of each child. His opinion that the cost of supporting each child was under $700 is, at best, only an estimate even though it is based upon practical considerations. We cannot accept petitioner's opinion and estimate as tantamount to proof of the prerequisite and ultimate fact. In order to meet his burden of proof, petitioner must establish by competent proof the total amount used in 1948 for the support of each child, or the amount of support contributed by others. He is unable to do this. Therefore, we cannot sustain his claim, even though we sympathize with his concern about the "principle", from his standpoint, which is involved. The applicable statute provides a standard which must be satisfied as a condition of receiving a credit for a dependent. All taxpayers must *220 receive equal treatment under the statute but each has the burden of establishing by competent proof that he or she has satisfied the statutory requirement. See: Eleanor L. Mack, 37 B.T.A. 1101; M. A. Willem, 39 B.T.A. 898; Ollie J. Kotlowski, 10 T.C. 533; Everett G. Maley, 17 T.C. 260, 269. Decision will be entered for the respondent.