John A. Tyrpak v. Commissioner.
Tyrpak v. Commissioner
Docket No. 35365.
United States Tax Court
1953 Tax Ct. Memo LEXIS 139; 12 T.C.M. (CCH) 961; T.C.M. (RIA) 53286; August 25, 1953
*139 On the evidence, held, petitioner failed to prove that he contributed over one-half the support of his four minor children during the taxable year, and consequently is not entitled to the exemption provided by Sec. 25 (b) (1) (D). John A. Tyrpak, pro se. Francis J. Butler, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: This proceeding involves a deficiency in income tax of the petitioner determined by the respondent for the calendar year 1949 in the amount of $340. The sole question presented is whether petitioner is entitled to the dependency credit under sec. 25 (b) (1) (D) of the Internal Revenue Code for his four minor children for the calendar year *140 1949. Findings of Fact The petitioner is an individual residing in Endicott, New York. His return for the period involved was filed with the collector of internal revenue for the twenty-first district of New York. In his income tax return for the calendar year 1949, petitioner showed a total income of $2,944.27, and claimed therein a dependency credit for each of his four children. Petitioner and his wife separated October 17, 1948, and have not since lived together. Since they were separated he has lived with his parents, and his wife and four minor children have lived together in a house located in Endwell, New York, approximately two miles from where petitioner lives. This house, which cost $8,900 in 1937, is owned jointly by petitioner and his wife. It is of brick construction and consists of ten rooms, including two baths and two kitchens. The second floor, consisting of four rooms, including a bath, is rented as an apartment for $45 per month, which amount the wife receives and applies toward the expenses and maintenance of the house. The first floor, consisting of six rooms, occupied by the wife and children, is estimated as having a rental value of not to exceed $100 *141 per month, one-half of which the wife is entitled to in her own right. In addition to the amount represented by his half interest in the rental values mentioned above petitioner, pursuant to an order of the Children's Court of Broome County, New York, contributed the sum of $990 during the calendar year 1949 toward the support and maintenance of his four minor children. On various dates between March 15, 1947 and May 15, 1948, petitioner and his wife borrowed various sums aggregating $3100 from petitioner's mother as evidenced by a promissory note and endorsements thereon. A portion of the money borrowed, the amount thereof not being established, was used to pay medical and hospital expenses incurred in connection with an automobile accident suffered by one of their sons in 1948. On December 15, 1949 petitioner made a $750 payment of this indebtedness. Petitioner's wife owns an interest in a building supply company from which she derived income sufficient to support herself and children, and contributed to the support and maintenance of her children, both in an undisclosed amount. She did not, however, claim the children as dependents for income tax purposes during the year involved. *142 Petitioner's father-in-law, Clarence G. Beckwith, also contributed to the support of petitioner's children during the year 1949 in an undisclosed amount and filed a joint income tax return with his wife, Louise M. Beckwith, for the year 1949, wherein he claimed petitioner's children, his grandchildren, as dependents. The grandparent's return showed a total adjusted gross income of $26,189.01. The evidence fails to establish that the petitioner contributed over one-half of the support of his four minor children during the taxable year. Opinion It should be observed at the outset that this Court is not a court of domestic relations. It is also recognized that normally each family constitutes a unit, and, except in extraordinary circumstances, the dependents of one family are not to be credited as dependents of another. Clarence D. Kerr, 46 B.T.A. 1180. However, we do not have before us and are not concerned, in this proceeding, with the correctness of respondent's determination concerning any dependency credits allowed to petitioner's wife or father-in-law. Our sole concern is whether petitioner has met the requirements of the statute so as to entitle him to the *143 credits claimed. Sec. 25 (b) of the Internal Revenue Code, applicable to the year involved, provides three criteria which must be met in order to entitle a taxpayer to dependency credits: (1) the person claimed as a dependent must be related to the taxpayer within one of the relationships set forth in the statute, including "a son or daughter of the taxpayer or a descendent of either;" (2) the gross income of the dependent for the calendar year in which the taxable year of the taxpayer begins must be less than $500; and (3) over one-half of the support of such person, for the calendar year in which the taxable year of the taxpayer begins, must have been received from the taxpayer. There is no contention herein that petitioner's children or any of them had any gross income of their own during the period involved, and they are within the necessary relationship not only to petitioner and his wife, but also to petitioner's father-in-law. This leaves only the third condition open for inquiry. The sole question for decision therefore is whether petitioner furnished more than one-half the support of his four minor childen during the taxable year 1949 so as to entitle *144 him to dependency credits for each of said children for the taxable year under section 25 (b) (1) (D) of the Internal Revenue Code. Petitioner and his wife are separated and the children have lived with the wife, since prior to the year involved, in a house owned jointly by petitioner and his wife. While we have found that petitioner made substantial contributions for the support of his children during the year 1949, consisting of $990 in cash paid through the Children's Court for Broome County, N. Y., and his one-half interest in the rental value of the portion of the house occupied by the wife and children, and in the rental received for the second floor apartment, petitioner has nevertheless failed to sustain his burden of establishing that he furnished more than one-half of the support of said children. This is true even if we include the $750 payment, which petitioner testified he made on a promissory note to his mother, in the amount contributed by him for the support of his children. [1]
*145 Petitioner testified that his wife owned an interest in a building supply company from which she derived income sufficient to support herself and children and that she contributed to the support of the children, although he did not know how much. No evidence was offered, however, as to the total amount expended for the support of the children. Petitioner is entitled to the exemptions claimed only if he furnished over one-half of the support of his minor children for whom dependency credit is claimed for the calendar year involved. Eleanor L. Mack, 37 B.T.A. 1101; M. A. Willem, 39 B.T.A. 898. See also Ollie J. Kotlowski, 10 T.C. 533. There being no showing of the total cost of the support of the children, the petitioner failed to prove that his constributions amounted to more than one-half the cost. Decision will be entered for the respondent. Footnotes
1. The $750 payment was not included in our findings in the amount contributed by petitioner because he failed, though given an opportunity to supplement the record subsequent to the hearing herein, to establish the sums expended for medical and hospital expenses of one of his sons as claimed. The original note, though subsequently enlarged in amount by endorsement thereon, was dated March 15, 1947, which was prior to the injuries sustained by his son in 1948, and we cannot say that the $750 paid thereon by petitioner in 1949 related only to money advanced to pay the medical and hospital expenses of petitioner's son. Moreover, though the medical expenses paid in 1948 were includible in the cost of the support of his son in 1948, the $750 paid on the note in 1949 did not constitute a payment for the support of his son in 1949.↩