Anton Odehnal, Jr. v. Commissioner.
Odehnal v. Commissioner
Docket No. 38838.
United States Tax Court
1953 Tax Ct. Memo LEXIS 118; 12 T.C.M. (CCH) 1044; T.C.M. (RIA) 53306; September 10, 1953
*118 Held, petitioner, failed to establish that he had paid more than one-half of the total amount expended for the support and maintenance of his two minor children during the year involved, and accordingly is not entitled to the dependency credits claimed under Sec. 25 (b), I.R.C.
Ralph J. Jeka, Esq., 3905 West Vliet Street, Milwaukee, Wis., for the petitioner. Richard D. Hobbett, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: The respondent determined deficiencies in the income tax of the petitioner for the years 1946 and 1947 in the amounts of $190 and $179 respectively. The petitioner has conceded the correctness of the determination for the year 1947. The *119 only issue is whether petitioner contributed more than one-half of the support and maintenance of his two minor children during the calendar year 1946 so as to entitle him to the deduction provided by sec. 25 (b) of the Internal Revenue Code for that year. The case was submitted upon a partial stipulation of facts and the oral testimony of petitioner and his former wife. Findings of Fact The facts as stipulated are found and made a part hereof by reference. Petitioner is an individual residing in Milwaukee, Wisconsin. His income tax returns for the years involved were filed with the collector of internal revenue for the district of Wisconsin. Petitioner and his former wife, Doris, were divorced in 1944. Custody of their two minor children, Donald and Lois, was awarded the mother and petitioner was directed to pay $50 monthly, later modified to $60 monthly, for their support and maintenance. He paid a total of $643 in 1946. In excess of $1300 was expended for food, clothing, medicine, toys and school supplies for the children during the year 1946, exclusive of any portion of some $337 expended in lieu of rent and for care of the children while their mother *120 worked, and of $125 expended in attorneys fees to force petitioner to contribute toward the payment of a medical bill incurred on behalf of the children. Opinion It is immaterial whether the amount expended over and above the amount paid by petitioner was furnished by the children's mother or in part by her second husband, whom she married on June 1, 1946. Petitioner is entitled to the exemption only if he furnished over one-half the total cost of the support of his children for the year involved. Eleanor L. Mack, 37 B.T.A. 1101; M. A. Willem, 39 B.T.A. 898. See also Ollie J. Kotlowski, 10 T.C. 533; Bennett H. Darmer, 20 T.C. No. 116 (promulgated July 16, 1953). Petitioner failed to establish that he had paid more than one-half of the total amount expended for the support and maintenance of his two minor children during the year involved, and accordingly is not entitled to the deduction claimed. Decision will be entered for the respondent.