Harry and Alta Zippin v. Commissioner.
Zippin v. Commissioner
Docket No. 38324.
United States Tax Court
1953 Tax Ct. Memo LEXIS 81; 12 T.C.M. (CCH) 1196; T.C.M. (RIA) 53340; October 27, 1953
*81 Petitioners failed to prove that they contributed over one-half the support of his two minor children during the taxable years involved, and consequently are not entitled to the exemption provided by Sec. 25 (b) (1) (D), I.R.C.
David L. Falk, Esq., for the petitioners. John L. Carey, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: This proceeding involves deficiencies in the income taxes of the petitioners determined by the respondent for the calendar years 1948, 1949, and 1950, in the respective amounts of $307.54, $281.30, and $298.28. Certain adjustments are not contested. The sole question presented is whether petitioners are entitled to the dependency *82 credits under section 25(b)(1)(D) of the Internal Revenue Code for the two minor children of Harry Zippin and his former wife, Katherine Zippin, for the taxable years involved. Findings of Fact Petitioners are husband and wife, residing in Cincinnati, Ohio. They filed their income tax returns for the calendar years 1948, 1949, and 1950 with the collector of internal revenue for the first district of Ohio, wherein they claimed a dependency credit for each of the two minor children of Harry Zippin and his former wife, Katherine Zippin. These children, Jerry, or Geraldine, a daughter, and Dion, a son, were ten years and eight years of age respectively in 1948. Harry and his former wife, Katherine, were divorced in 1945 and the two children have lived with and been in the custody of their mother, Katherine, since that time. Harry was directed by the court granting the divorce, to pay $10 per week for the support of his two children but he voluntarily paid more and contributed a total of $15 per week during the years 1948 and 1949, and $75 per month during the year 1950. In addition petitioner contributed an aggregate of approximately $25 per year in the form of *83 clothing or money for clothing, and an occasional turkey or basket of groceries amounting to approximately $10 or $12, making a total of $817 for each of the years 1948 and 1949, and a total of $937 for the year 1950. Katherine, or Kay Zippin, as she is sometimes called, was employed by the American Telephone and Telegraph Company, for which she received wages in the amounts of $2,382.50, $2,320.62, and $2,920.35, respectively, during the years 1948, 1949, and 1950. She also received $8 per week for a period of five to six months during the year 1948 as rental from a roomer in her house, and during the period involved borrowed various sums aggregating $300 to $400 from public loan companies. In addition to her two children, Katherine's mother, a woman between 70 and 75 years of age, resided with her during the taxable years. There is no showing whether her mother had any income of her own, or what, if anything she may have contributed toward the upkeep of the home. Neither petitioner nor Katherine kept any records of monies contributed or expended for the support of the children except a few cancelled checks produced by petitioner for the years 1949 and 1950. It is fair to estimate *84 that the total amounts expended for the support and maintenance of the two minor children exceeded $1,650 during each of the years 1948 and 1949 and exceeded $1,900 during the year 1950. The evidence fails to establish that the petitioner contributed over one-half of the support of his two minor children during the taxable years involved. Opinion It should be observed at the outset that we do not have before us and are not concerned, in this proceeding, with the correctness of respondent's determination concerning any dependency credits which may have been allowed to petitioner's former wife, Katherine Zippin. Our sole concern is whether the petitioners have met the requirements of the statute so as to entitle them to the credits claimed. Section 25 (b) of the Internal Revenue Code, applicable to the years involved, provides certain criteria which must be met to entitle a taxpayer to dependency credits. Among these is the requirement that over one-half of the support of the claimed dependents, for the calendar year in which the taxable year of the taxpayer begins, must have been received from the taxpayer. The sole question for decision in this proceeding *85 therefore is whether petitioners furnished more than one-half the support of his two minor children during the years 1948, 1949, and 1950, so as to entitle them to dependency credits for each of said children under section 25 (b) (1) (D) of the Internal Revenue Code. The question is essentially one of fact. As is so often the case in proceedings of this character, neither the taxpayers nor the former wife kept any adequate records of their contributions or expenditures for the support of their children. Both indulge in estimates or guesswork. Some of the estimates of the petitioner as to certain amounts claimed to have been contributed by him are disputed by the former wife and by petitioner's daughter. We have allowed them only in part. Petitioners themselves offered no testimony or evidence as to the total cost of the support of the two children during the taxable years. A stipulation filed by them as to the wages received by Katherine during the taxable years, without more, is insufficient to establish such fact. It remains to be seen whether this deficiency in proof on the part of petitioners may have been supplied by the testimony of Katherine and her daughter, *86 Geraldine, witnesses for respondent. Katherine testified as to certain total expenditures by her during each of the taxable years, broken down under various categories, such as food, clothing, shelter, schooling, etc., from which she arrived at total expenditures for the support and maintenance of her two children in the respective amounts of $1,951.60, $1,880.10, and $2,137.00 during the years 1948, 1949, and 1950. Both the total expenditures and the percentages thereof allocated to the support of the children were admittedly estimates. Nevertheless, considering all the evidence, we are unable to find that such total costs for the support of the children did not exceed $1,650 for each of the years 1948 and 1949, and $1,900 for the year 1950. There being no other showing of the total cost of the support of the children, petitioners failed to prove that their contributions amounted to more than one-half the cost. Cf. Eleanor L. Mack, 37 B.T.A. 1101; M. A. Willem, 39 B.T.A. 898. See also Ollie J. Kotlowski, 10 T.C. 533; Bennett H. Darmer, 20 T.C. No. 116 (promulgated July 16, 1953). Decision will be entered for the respondent.