Roy B. and Mildred L. Abbott v. Commissioner.
Abbott v. Commissioner
Docket No. 43582.
United States Tax Court
1954 Tax Ct. Memo LEXIS 306; 13 T.C.M. (CCH) 113; T.C.M. (RIA) 54043; February 9, 1954
*306 Petitioners, husband and wife, who filed joint returns, furnished more than one-half the support of the wife's father and stepmother during the year 1949, and are therefore entitled to the exemptions provided by section 25 (b) (1) (D) of the Internal Revenue Code for 1949. They failed to prove that they furnished more than one-half the support of the claimed dependents for the year 1950 and consequently are not entitled to the exemptions provided by said section for 1950. Wesley A. Dierberger, Esq., for the petitioners. John C. Calhoun, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: The respondent determined deficiencies in the income taxes of the petitioners *307 for the years 1949 and 1950 in the amounts of $200 and $209 respectively. The only issue presented is whether petitioners furnished more than one-half of the support of the claimed dependents during the taxable years. Findings of Fact Petitioners are husband and wife residing in Indianapolis, Indiana. They filed joint income tax returns for the calendar years 1949 and 1950 with the collector of internal revenue at Indianapolis, Indiana, wherein they claimed dependency credits for Mr. and Mrs. Randall Travis, the father and stepmother of the petitioner, Mildred L. Abbott. Neither Mr. nor Mrs. Travis were regularly employed or employable during the period involved because of their tubercular condition. Because of this condition each of the Travises was required to have X-ray and medical examinations periodically to determine whether there had been any recurrence or reactivation of the tuberculosis. The X-rays and medical examinations were furnished free by the publice health authorities of the state. There were four X-rays, valued at $10 each, and a total of nine office calls valued at approximately $5 each, on account of the tubercular condition, during each of the taxable years. *308 During the year 1950 Mr. Travis had to have additional medical attention on account of rheumatism and ulcers. These consisted of two additional X-rays valued at $10 each and twelve office calls of an estimated value of $8 each, furnished him free of charge by the Indianapolis General Hospital. During each of the taxable years the Travises were furnished by the Township Trustees weekly allotments for food and milk in the amounts of $7.50 and $1.40 respectively. They also furnished coal amounting to $50 and paid the utility bills of the Travises for one month, amounting to $4.90 for each of the taxable years. During each of the taxable years Mr. Travis earned approximately $40 repairing radios for neighbors. During 1950 he also raised a garden. A relative furnished the cost of plowing and seed, amounting to $12. Produce received therefrom amounted to approximately $45 in 1950. The total support received by Mr. and Mrs. Travis, other than from the petitioners, during the taxable years, was as follows: 1949
1950
Food
$390.00
$390.00
Milk
72.80
72.80
Coal
50.00
50.00
Medical: X-rays
40.00
60.00
Office calls (9 at $5)
45.00 (9 at $5;
141.00
12 at $8)
Utilities
4.90
4.90
Garden
57.00
Radio repairing
40.00
40.00
Total
$642.70
$815.70
*309 During the taxable years Mr. and Mrs. Travis lived in a two-room, frame house which had been purchased and was owned by the petitioner, Mildred L. Abbott. They paid no rent therefor. The prevailing rental for comparable accommodations, to wit: "2 rooms and bath (no tub installed), fully furnished, including mechanical refrigerator, cooking stove and washing machines, cooking fuel, cold water, electricity for lights and refrigeration provided," was $11 per week. Petitioners paid the utility bills - gas, water and electricity, amounting to $52.80 during each of the taxable years, and paid the taxes on the property amounting to $15 per year. Petitioners also furnished certain materials and labor on repairs to the house and installation of a stove during the taxable years. In addition, petitioners paid the telephone bills of the Travises amounting to $56.76 for each of the taxable years, and furnished them additional assistance for food and clothing amounting to approximately $100 in 1949 and $125 in 1950. They also supplied them with 3 tons of coal valued at $31.50 in 1949 and 4 tons valued at $42.00 in 1950. The total support furnished Mr. and Mrs. Travis by petitioners during the *310 taxable years was: 1949
1950
Rent
$572.00
$572.00
Telephone
56.76
56.76
Food, clothing, etc.
100.00
125.00
Coal
31.50
42.00
Total
$760.26
$795.76
Petitioners furnished more than one-half the total support of the claimed dependents during the taxable year 1949, but the evidence fails to establish that they furnished over one-half their support in 1950. Opinion Petitioners, husband and wife, on their joint returns for 1949 and 1950, claimed dependency credits for the taxpayer-wife's father and stepmother, which the Commissioner disallowed. The facts establish, and it is conceded, that the claimed dependents fall within the relationship set forth in the statute and that each received less than $500 taxable income during each of the taxable years. Section 25(b), Internal Revenue Code; Regulations 111, section 29.25-3. The sole issue, therefore, is whether petitioners furnished more than one-half the support of the claimed dependents during each of the taxable years. As is often the case in proceedings of this character, neither the taxpayers nor the claimed dependents kept any records of their contributions or expenditures, *311 but testified from memory and estimates. In addition to their own testimony, petitioners offered the testimony of the father. Respondent called no witnesses. Respondent's principal argument herein is apparently based upon the contention that the fair rental value of the house owned by petitioners and lived in by the claimed dependents, is not to be included in the support furnished by petitioners. We think there is no merit to such contention and that the rental value of the property is to be included as the equivalent of cash. While the evidence left much to be desired as to the amount of the rental value of the property during the period involved, respondent having offered no evidence of his own, we feel justified in accepting that of petitioners. However, having allowed the rental value of the property we have not included in the support furnished by the petitioners anything for taxes or repairs since they are incidents of the ownership of the property. Nor have we allowed anything for utilities, since the estimated rental value contemplated the utilities being furnished. Reconciling the testimony of the petitioners with that of the father as best we can, we have found as a fact *312 that the petitioners furnished more than one-half the support of the claimed dependents during the taxable year 1949, but that the evidence fails to establish that they furnished more than one-half the support of such dependents during the taxable year 1950. We therefore hold that, pursuant to the provisions of section 25 (b) (1) (D) of the Internal Revenue Code, applicable to the years involved, the petitioners are entitled to the dependency credits claimed for the taxable year 1949 and that there was accordingly no deficiency in their income tax for that year. We further hold that the petitioners have not established that they are entitled to any of the dependency credits claimed for the taxable year 1950 and accordingly that there is a deficiency in the income tax of the petitioners in the amount of $209 for the taxable year 1950. Eleanor L. Mack, 37 B.T.A. 1101; M. A. Willem, 39 B.T.A. 898. See also Ollie J. Kotlowski, 10 T.C. 533; Bennett H. Darmer, 20 T.C. No. 116 (promulgated July 16, 1953). Decision will be entered of no deficiency for the taxable year 1949, and of a deficiency in the amount of $209 *313 for the taxable year 1950.