OLLIE J. KOTLOWSKI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13951. Promulgated March 25, 1948.

*Louis J. Meldman, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

### OPINION.

ARNOLD, *Judge*: This proceeding involves deficiencies in income tax in the amounts of $478 and $568 for the taxable years 1944 and 1945, respectively. The case was submitted on a stipulation of facts in accordance with the provisions of Rule 30 (a) of the Court's rules of practice.

The stipulation is as follows:

1. Petitioner is an individual residing in Milwaukee, Milwaukee County, Wisconsin, and was married to Beatrice Kotlowski (referred to hereafter as "Mrs. Kotlowski") on the 10th day of June, 1925.

2. Petitioner and Mrs. Kotlowski have eight minor children whose christian names and dates of birth are as follows:

| Christian Name | Date of Birth | Christian Name | Date of Birth |
| --- | --- | --- | --- |
| Jean | Jan. 9, 1928 | Robert | April 1, 1936 |
| Daniel | Jan. 27, 1930 | Thomas | June 25, 1937 |
| Gerald | Feb. 27, 1932 | Susan | Oct. 15, 1938 |
| Kenneth | Feb. 9, 1934 | Anthony | Aug. 12, 1942 |

3. On May 26, 1944, Mrs. Kotlowski was granted a divorce from the petitioner by the Circuit Court, Milwaukee County, Wisconsin. By said decree, the care and custody of said eight minor children were awarded to Mrs. Kotlowski. The Court further ordered, adjudged and decreed that the petitioner pay to Mrs. Kotlowski the sum of $75.00 per month for the support and maintenance of said eight minor children.

4. Prior to the granting of said divorce the petitioner pursuant to the terms of a temporary court order effective February 1, 1944, pending a hearing on the divorce action, paid to Mrs. Kotlowski amounts aggregating $300.00 for the support and maintenance of the eight minor children for the months of February, March, April and May 1944.

5. The petitioner pursuant to the terms of the divorce decree paid Mrs. Kotlowski in 1944 the sum of $525.00 for the support and maintenance of said eight minor children in addition to said support money paid prior to the final decree; the total sum paid by petitioner pursuant to court orders in 1944 for the support and maintenance of said eight minor children was $825.00.

6. On October 25, 1945 an amended court order was entered which provided that the petitioner pay to Mrs. Kotlowski the sum of $90.00 per month, beginning on September 11, 1945, for the support and maintenance of said eight minor children; the total sum paid by petitioner pursuant to court orders in 1945 for the support and maintenance of said eight minor children was $952.50.

7. Mrs. Kotlowski was employed during the taxable years, receiving salary income of $2,057.58 for the year 1944 and $1,941.00 for the year 1945. In addition to her salary, Mrs. Kotlowski received $192.00 for each of the years 1944 and 1945 earned by her son Gerald, from his newspaper route, and $180.00 for each of these years from the renting of a portion of a dwelling house she owned. Mrs. Kotlowski and her eight minor children lived in this dwelling house during the years 1944 and 1945. That part of the dwelling house occupied by Mrs. Kotlowski and her eight children, if rented to other persons, would have a rental value of not less than $40.00 per month during the years 1944 and 1945.

8. During the years 1944 and 1945 Mrs. Kotlowski had custody of the eight minor children who lived with her and over whom she alone exercised family control. She selected the schools for the children, managed the household and incurred and paid all expenses incident to the common household and rearing of the children. Mrs. Kotlowski and the petitioner have lived separate and apart from each other in different dwelling houses since she filed her divorce action against the petitioner on February 1, 1944.

9. The total amount expended for the support and maintenance of the eight minor children by petitioner and Mrs. Kotlowski for the year 1944 was $3,244.00 of which total amount petitioner paid $1,344.00; said sum of $1,344.00 includes the payments aggregating $825.00 made by petitioner pursuant to the above mentioned court orders; the remaining sum of $1,900.00 was paid by Mrs. Kotlowski.

10. The total amount expended for the support and maintenance of the eight minor children by petitioner and Mrs. Kotlowski for the year 1945 was $3,182.00, of which total amount petitioner paid $1,458.50; said sum of $1,458.50 includes the payments aggregating $952.50 made by petitioner pursuant to the above mentioned court orders and the remaining sum of $1,723.50 was paid by Mrs. Kotlowski.

11. The total amounts as stated in paragraphs 9 and 10 above which were paid by the petitioner for the support and maintenance of the eight minor children were not enough to meet the cost of their livelihood and maintenance, and Mrs. Kotlowski supplied the remaining sums mentioned in paragraphs 9 and 10 from her earnings.

12. On February 9, 1945 and February 18, 1946, petitioner filed with the collector of Internal Revenue for the District of Wisconsin, his Federal income tax returns for the respective calendar years 1944 and 1945. In each of

said returns the petitioner claimed a dependency credit for each of said eight children.

13. In his notices of deficiency for the years 1944 and 1945 dated March 11, 1947 (copies attached to the petition) the respondent disallowed the dependency credits claimed with the following explanation:

"Taxpayer is divorced, and per Court Order, was ordered to pay $75.00 per month [1] towards the support of eight (8) minor children. All children reside with the mother, Beatrice Kotlowski, who files separate income tax returns and who took all the children as dependents. Investigation discloses that the taxpayer does not contribute 50% of the support for the children, therefore, credit for dependents is disallowed."

The question presented is whether petitioner is entitled to a credit for dependency of any one or more of his eight minor children for the taxable years 1944 and 1945 under section 25 (b) as amended by sections 2 and 10 (b) of the Individual Income Tax Act of 1944, set forth in the margin.[2] Section 2 of the 1944 Act makes the amendments effective for the taxable years beginning after December 31, 1943.

In his income tax returns for the calendar years 1944 and 1945 petitioner claimed dependency credits for each of the eight children, which respondent disallowed, stating in his notice of deficiency for each of the years:

Taxpayer is divorced, and per Court Order, was ordered to pay $75.00 per month [3] towards the support of eight (8) minor children. All children reside with the mother, Beatrice Kotlowski, who files separate income tax returns and who took all the children as dependents. Investigation discloses that the taxpayer does not contribute 50% of the support for the children, therefore, credit for dependents is disallowed.

Petitioner and his divorced wife have lived separate and apart from each other in different dwelling houses since she filed her divorce action against him on February 1, 1944.

Petitioner, pursuant to court orders, incident to the decree of divorce,

---

[1] In the 1945 notice of deficiency the following language was also included at this point: "up to October 1945, at which time he was ordered to pay $90.00 per month."

[2] SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. [As amended by secs. 2 and 10 (b), Individual Income Tax Act of 1944.]

\* \* \* \* \* \* \*

(b) CREDITS FOR SURTAX ONLY.—

(1) CREDITS.—There shall be allowed for the purpose of the surtax, but not for the normal tax, the following credits against net income;

\* \* \* \* \* \*

· (C) A surtax exemption of $500 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $500, except that if such dependent is married the exemption in respect of such dependent shall not be allowed if such dependent has made a joint return with the other spouse under section 51 for a taxable year beginning in such calendar year.

\* \* \* \* \* \* \*

(3) DEFINITION OF DEPENDENT.—As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer:

(A) a son or daughter of the taxpayer, or a descendant of either \* \* \*

\* \* \* \* \* \* \*

[3] The following language was included in the 1945 notice of deficiency: "Up to October 1945, at which time he was ordered to pay $90.00 per month."

paid the mother of his eight minor children for their support and maintenance amounts totaling $825 and $952.50 for the years 1944 and 1945, respectively. These amounts, with other amounts expended by the petitioner for the support of said children, aggregate the sums of $1,344 and $1,458.50 for the years 1944 and 1945, respectively.

The mother of said children furnished them a place to live and, in addition thereto, contributed for their support and maintenance the total sums of $1,900 and $1,723.50 for the years 1944 and 1945, respectively, from her earnings. She had custody of said children, exercised family control over them, selected their schools, managed the household, and incurred and paid all expenses incident to the household and rearing of the children.

Petitioner concedes he contributed less than 50 per cent of the total amount expended for the support and maintenance of the eight children during the taxable years and that his divorced wife with whom the children lived contributed more than half toward their support and maintenance.

He contends, however, that there is nothing to indicate that he did not provide more than 50 per cent of the support of some one or more of the children and, as the family resided together and it is mathematically impossible to determine the exact cost of support for each child, it is reasonable to assume that the amounts contributed by him in each of the years were more than 50 per cent of the support of three of the children during 1944 and four of the children during 1945. He claims credit for dependents on that basis.

This contention ignores the fact that petitioner's contributions were made for the support of all eight of the children, not to any particular one or more to the exclusion of others. In the absence of evidence to the contrary it must be presumed his contributions were for the support and maintenance of each child alike. The temporary court order and divorce decree both provided that the amounts to be paid thereunder were for the support and maintenance of the eight children. In this situation it can not be said that he contributed more than 50 per cent to the support of any one or more of the children.

We find nothing in the statute or regulations promulgated thereunder or in the House and Senate reports relating to the 1944 amendments to justify petitioner's contention. The intent of Congress appears to be plain that a taxpayer must furnish the chief support of each dependent for which he claims credit to be entitled to the credit.

Our attention has been called to no adjudicated case dealing with the question of credit for dependency, and we have found none, that would justify a credit for support and maintenance of one or more dependents under facts and circumstances such as we have here.

In the case of *Eleanor L. Mack*, 37 B. T. A. 1101, taxpayer, a divorced wife, contributed $3,000 for the support of her three minor children

during 1933 and the father contributed $3,400. The children lived with the mother and she alone exercised family control. Notwithstanding the taxpayer contributed substantially to the support of her minor children, we held she was not entitled to any credit for dependents. We there stated, "To meet the statutory requirement, a taxpayer must show that he is the 'chief' support." The underlying principle involved in the case here is similar.

*Decision will be entered for the respondent.*