Louis Adler v. Commissioner.
Adler v. Commissioner
Docket No. 17255.
United States Tax Court
1950 Tax Ct. Memo LEXIS 137; 9 T.C.M. (CCH) 626; T.C.M. (RIA) 50173; July 25, 1950
*137 During the years 1945 and 1946 petitioner contributed less than 50 per cent of the amounts expended for the support of his two minor children living with his divorced wife. The additional amounts necessary for the support of these children were contributed by petitioner's divorced wife. Held: Petitioner is not entitled to a credit of $500 for each such minor child. Jacob D. Hornstein, Esq., for the petitioner. Sanford M. Stoddard, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent has determined deficiencies in income tax against petitioner in the amounts of $217 for 1945 and $193 for 1946. Both deficiencies arise from respondent's disallowance of exemptions claimed in each year by the petitioner in the sum of $500 each for his two minor children. *138 The correctness of this action is the only issue. Findings of Fact Petitioner is an individual, a resident of Baltimore, Maryland. His returns for the two years in question were filed with the collector of internal revenue at Baltimore, Maryland. Petitioner is divorced from his former wife, the custody of his two minor children having been awarded to her in the divorce proceedings. During the two years in question, 1945 and 1946, these children made their home with their mother in the home of her parents in Washington, D.C.
During the years 1945 and 1946, petitioner contributed at the rate of $15 per week for the support of his two children, a total of $645 in 1945 and a total of $630 in 1946. These contributions for the support of the children were made by petitioner pursuant to an order of the United States District Court for the District of Columbia in a criminal proceeding for nonsupport. During the two years in question, petitioner's children shared a room in the home of the parents of petitioner's divorced wife. She paid her parents $25 per week for room and board for herself and the two children. Of this amount, $12.50 per week was paid for room and board for the children. *139 The aforesaid payments of $15 a week by the petitioner for the support of his two children were the only contributions by him toward their support during the two years in question. Additional amounts expended for the support of the children, representing the cost of clothing, medical care, schooling for the older of the two, and recreation, were by petitioner's former wife. These additional expenses by her were in excess of the total expenditures by petitioner for the support of the children for the two years in question. Opinion Section 25 of the Internal Revenue Code, as applicable for the years 1945 and 1946, allows an exemption of $500 for each dependent child whose gross income for the calendar year is less than $500. It defines a dependent as one over half of whose support in the calendar year is received from the taxpayer. Our finding that contributions to the support of his two children by the petitioner were less than those by his former wife necessarily decides the issue presented. Counsel for the petitioner points to certain facts in the record which we think have no bearing upon the ultimate conclusion. The first is that petitioner's former wife, *140 in her separate returns filed for the two calendar years, also took credit for an exemption of $500 for each child, and that respondent disallowed these credits as well as those claimed by the petitioner. From these disallowances petitioner's former wife did not appeal. She testified voluntarily for the petitioner at the hearing in this proceeding and expressed her desire that he be given credit for the deductions since it would make possible his further contributions to the support of the children. This is, of course, no basis for the allowance of the deductions to petitioner if he is not entitled to them under the provisions of the statute. The fact that Mrs. Adler did not prosecute an appeal and establish the facts therein which have been established upon the hearing in this proceeding is her affair. She can not fail to assert her right to the deductions and, upon this basis, ask that she be permitted to loan her right of deduction to the petitioner in computing his tax liabilities for the two years. Petitioner's counsel asks further that, if the two deductions can not be allowed petitioner, he be allowed one deduction of $500 for each year as the evidence is sufficient to *141 establish the fact that his contribution in each year to his children's support exceeded 50 per cent of the total amount expended for the support of one child. This we can not do. Petitioner's contributions in each of the two years were made for the joint support of the children. There was no allocation of the amount either by order of court or direction of the Probation Office allocating an expenditure to either child, nor was there any segregation made by petitioner's former wife, who merely received the remittance each week and expended it as the need arose for the two children. Cf. Ollie J. Kotlowski, 10 T.C. 533. Decision will be entered for the respondent.