Anthony Duke, et al., [1] v. Commissioner. Duke v. Commissioner
Docket Nos. 68719, 67061, 69096.
United States Tax Court
T.C. Memo 1959-185; 1959 Tax Ct. Memo LEXIS 62; 18 T.C.M. (CCH) 815; T.C.M. (RIA) 59185; September 30, 1959
*62 Held that the petitioners, Edward F. Klemowicz and Violet L. Klemowicz, furnished more than half the support of the four children of Violet L. Klemowicz by a former marriage and they, rather than the petitioner Anthony Duke, are entitled to the dependency credits on account thereof for the year 1953. Edward A. Tanski, Esq., 1476 Mt. Ephriam Ave., Camden, N. J., for the petitioner Anthony Duke. Violet L. Klemowicz, 2720 River Rd., Camden, N. J., pro se. Albert Squire, Esq., for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency of $702 in income tax for the calendar year 1953 in the case of petitioner Anthony Duke. For the same year he determined a deficiency of $495 jointly against the petitioners, Edward F. Klemowicz and Violet *63 L. Klemowicz. In determining the deficiencies against each of the petitioners, the respondent disallowed dependency credits claimed by each petitioner for the four children of Anthony Duke and his former wife, Violet L. Klemowicz. Findings of Fact Petitioner Anthony Duke is an individual with residence in Camden, New Jersey. His income tax return for the calendar year 1953 was filed with the district director for the Philadelphia district of Pennsylvania. The petitioners, Edward F. Klemowicz and Violet L. Klemowicz, are husband and wife. He resides in Camden, New Jersey, and she resides in Glassboro, New Jersey. For the calendar year 1953 they filed a joint income tax return with the district director of internal revenue for the Camden, New Jersey district. The petitioner Violet L. Klemowicz was divorced from the petitioner Anthony Duke in 1950 or 1951, and she married the petitioner Edward F. Klemowicz early in 1951. Under the divorce decree she was given custody of their four children, Bernadine, Monica, Joan, and John, and they have continuously lived with her since that time. Under the court order Anthony Duke was required to make weekly payments of $20 for support of the *64 children. During the calendar year 1953 the petitioner Anthony Duke made 50 weekly payments of $20 each to Violet L. Klemowicz for support of the children, a total of $1,000, and in addition he spent amounts totaling $104.54 for support of the children. In 1953 the ages of the children ranged from 14 years to 7 years, the boy being the youngest. All of them attended public schools, one being in junior high school and the other three in elementary school. The school was about six miles from their home. During the entire year 1953 the petitioner Violet L. Klemowicz and her husband and family resided in a house in Camden, New Jersey. The family included a son by the second marriage, who was born in late 1951. The Klemowiczes had purchased the home in 1951 for about $2,800 and had given a mortgage of $2,000. Payments on the mortgage were about $35 per month and such payments were made throughout the year 1953. In addition, they paid real estate taxes of about $2 per month. They also paid gas bills of about $12 per month and electric bills of about $12 per month. The Klemowiczes also purchased household furniture and equipment costing about $2,000, about one-half of which was paid *65 in 1953. Violet L. Klemowicz was employed in 1953 up to October. She earned $1,025 in that year, of which $5 was withheld as tax. During that year Edward F. Klemowicz earned $3,438.38, of which $63.20 was withheld as tax. All this income was spent by the Klemowiczes for support of all the members of the household in 1953, none remaining as savings. During the year 1953 the Klemowiczes spent at least $40 per week, or total of $2,080 for food for the entire family. During 1953 the Klemowiczes spent an average of $200 for clothing for each of the four Duke children, a total of about $800 for the year. In addition, medical expenses were incurred which averaged about $30 for each child, or a total of about $120 for the year 1953. They also spent in 1953 approximately $150 as school expenses of the children, which included lunches and bus fare. The total support of the four children in 1953 amounted to at least $600 per child, or a total of at least $2,400. Of this amount the petitioner Anthony Duke expended $1,104.54 and the petitioners, Edward F. Klemowicz and Violet L. Klemowicz, furnished the remainder. Opinion The only question presented is whether the petitioner Anthony *66 Duke, on the one hand, or the petitioners Edward F. Klemowicz and Violet L. Klemowicz, on the other hand, provided over half of the support of the four Duke children during the year 1953, for purposes of the dependency credits on account thereof under section 25 of the Internal Revenue Code of 1939. [2]
There is no dispute as to the fact that Anthony Duke supplied $1,104.54 as support for the children. In the absence of any evidence to the contrary, we must *67 assume that this was for the support of all four children proportionately and not for any particular one to the exclusion of others. Ollie J. Kotlowski, 10 T.C. 533. The question then is whether this constituted more than half of the support of the four children. If the support furnished the children was more than double that amount, namely, $2,209.08, the Klemowiczes, and not Duke, are entitled to the dependency credits on account of the children. The petitioner Violet L. Klemowicz testified that although she did not keep records of all the expenditures made on behalf of the children, her best estimate was that it cost a total of $660 on the average for each of the children, or $2,640. Her testimony was that it cost at least $2,080 for food for the family of 7, which would be approximately $297 for each child; medical expenses of $30 for each child; $200 each for clothing; and an average of about $37.50 each for school expenses. We are satisfied that there is nothing unreasonable in these estimates of petitioner Violet L. Klemowicz, which would total about $564.50 for each child. Indeed, we think the food bill for 7 people might well exceed an average of $40 per week. *68 In this connection we note that on internal revenue forms which the Klemowiczes filled out in support of their claim for dependency credits, the estimated food cost for the family was $2,600 for the year. In addition the children had the use of the Klemowicz's home. This was a home which had cost about $2,800 and which had been furnished at a cost of at least $2,000, or a total of $4,800. We think that $60 would certainly be a conservative figure for the rental value of the furnished quarters provided for each child. See Emil Blarek, 23 T.C. 1037 [Dec. 20,914]. We are satisfied that the cost of supporting each child was in excess of $600 for the year, or a total of at least $2,400 for all the children, in addition to the $104.54 expended directly by Duke. Violet L. Klemowicz testified that all their income was expended for support of the family. They had sufficient funds to have expended the amounts claimed for support of the children. Their total income for 1953 remaining after the withholding of tax amounted to $4,395.18. There was also available the $1,000 received from the petitioner Duke, a total of $5,395.18. After payment of the $1,000 for furniture and equipment *69 and $420 on the mortgage, there remained available for usual living costs of the whole family the amount of $3,975. Since there were 7 in the family, this would mean that an average amount of approximately $568 was expended for support of each member of the family, or approximately $2,272 for the four Duke children, aside from the quarters which they were supplied. Of the total amount expended for support, the petitioner Anthony Duke contributed $1,104.54, which is less than half. It follows that petitioner Anthony Duke is not entitled to any dependency credits for any of the children and that the Klemowiczes are entitled to the dependency credits for the four children. Decision will be entered for the respondent in Docket No. 68719. Decisions will be entered under Rule 50 in Docket Nos. 67061 and 69096. Footnotes
1. The proceedings of the following petitioners are consolidated herewith: Edward F. Klemowicz, Docket No. 67061, Violet L. Klemowicz, Docket No. 69096.↩
2. Section 25, Internal Revenue Code of 1939, provides: (b) Credits for Both Normal Tax and Surtax. - (1) Credits. - There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income: * * *
(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600 * * *
(3) Definition of dependent. - As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: (A) a son or daughter of the taxpayer, or a descendant of either,↩