James Coleman v. Commissioner.
Coleman v. Commissioner
Docket No. 92178.
United States Tax Court
T.C. Memo 1963-19; 1963 Tax Ct. Memo LEXIS 323; 22 T.C.M. (CCH) 77; T.C.M. (RIA) 63019; January 24, 1963
*323 DEPENDENCY EXEMPTIONS. - Petitioner failed to prove he provided more than half the support of his two children, who were living with his divorced wife during the taxable year. James Coleman, Sheepshead Bay Rd., Brooklyn, N. Y., pro se. Charles M. Costenbader, Esq., for the respondent. DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1959 in the amount of $482.32. The only issue for decision is whether petitioner is entitled to a dependency exemption for either or both of his two children. Findings of Fact The stipulated facts are so found. Petitioner is an individual residing in Brooklyn, New York. He filed an individual income tax return for the calendar year 1959 with the district *324 director of internal revenue, Brooklyn, New York. Petitioner claimed a deduction for "Child Care & Court Ordered Support" of his two children in the amount of $1,780 on his tax return for 1959. He did not claim dependency exemptions for the children on the return. Respondent disallowed the full amount of the deduction claimed in his notice of deficiency. In his petition to this Court, petitioner cited error in respondent's disallowance of the deduction claimed on the return and, in the alternative, cited as error respondent's failure to allow petitioner dependency exemptions for the two children. At the trial petitioner agreed that he was not entitled to the deduction for child care and support but claimed that he should be allowed a dependency exemption for at least one of the children. Petitioner was separated from his wife in September 1957. On July 16, 1959, an interlocutory decree of divorce of petitioner and his wife was entered in the Superior Court of the State of California for the County of Los Angeles, which decree required petitioner to pay $13.25 weekly for the support of each of two children, or a total of $26.50 per week. Petitioner was not obligated to pay any alimony *325 to his wife by the interlocutory decree. The final judgment of divorce was entered on September 28, 1960. During the year 1959, petitioner's two children, Jintz, aged 8, and Susan, aged 3, lived with their mother in California. During that year petitioner made payments to his wife by checks totaling $375 for the support of the two children. In the summer of 1959 the children visited with petitioner in New York for about 10 weeks. Petitioner paid their airline fares from Los Angeles to New York and back to Los Angeles in the total amount of $232. Petitioner also paid for the care and support of the two children while they were with him in New York. At various times during the year petitioner also sent the children gifts and sent their mother some cash for the support of the children, but he did not pay over to the mother the full amount he was directed to pay under the divorce decree. Petitioner failed to prove that he provided more than one-half of the support of either child during the year 1959. Opinion This is another of those unfortunate cases where the mother and father of the children are separated with the mother taking the children with her and the father contributing *326 something toward their support, but the father being unable to prove what it cost to support the children, without which he is unable to prove that he provided more than one-half the support of the children, which the law requires to entitle him to exemptions for the children as dependents. Secs. 151 and 152, I.R.C. 1954. But while we may sympathize with the petitioner we must decide the case on the evidence presented, which is wholly inadequate to support petitioner's claim here. The only evidence presented on this point was the stipulation that petitioner sent his wife $375 by check during the year 1959 for the support of the children, and petitioner's unsupported estimates of the total cost of support of the children and the amounts he spent for their support. He estimated the total cost of supporting both children during the year to be $3,200. In addition to the $375 he sent to his wife by check, petitioner estimated he sent her an additional $100 in cash, sent the children gifts of about $75, paid $232 for their airline tickets, and approximately $40 per week for their support for the 10 weeks they spent with him in New York during the summer. Petitioner *327 offered no support for any of these estimates except one receipt for airline tickets for two children from Los Angeles to New York in the amount of $116. If we accepted petitioner's estimates in full, the total amount he paid toward the support of both children was $1,182, or less than half of the amount petitioner estimated the total cost of support of the two children to be for the entire year. While this estimate might be more than half the estimated cost of support for one child for the entire year, it is obvious that the estimated amount was spent for the support of both children and probably in approximately equal amounts. Under the circumstances we cannot allocate all the estimated payments to one of the two children. Ollie J. Kotlowski, 10 T.C. 533 (1948). On the evidence presented we cannot find that petitioner provided more than one-half the support of either of his two children during the year 1959. Decision will be entered for the respondent.