Joseph I. Genco v. Commissioner.
Genco v. Commissioner
Docket No. 3209-62.
United States Tax Court
T.C. Memo 1965-34; 1965 Tax Ct. Memo LEXIS 296; 24 T.C.M. (CCH) 190; T.C.M. (RIA) 65034; February 19, 1965
Joseph I. Genco, pro se. Robert S. Leigh, for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent has determined a deficiency in the income tax liability of petitioner for the year 1959 in the sum of $312. The question presented is whether petitioner is entitled to exemptions for two minor children. Findings of Fact During the year 1959 petitioner resided in Columbus, Ohio. He filed his Federal income tax return for that year with the district director of internal revenue at Cincinnati, Ohio. In 1958 petitioner's wife, Margie Rozalia Genco (hereinafter referred to as Margie), filed suit for a divorce against petitioner in the Court of Common Pleas of Franklin County, Ohio, Division of Domestic Relations. On *297 or before June 11, 1958, an order was entered by the Court in that proceeding directing the petitioner herein to pay to his wife the sum of $225 per month as temporary alimony and support money for herself and the children of petitioner and his wife. In January 1959 petitioner was in arrears in the payments due under this order in the total sum of $300. On January 19, 1959, petitioner made a payment of $225 to Margie on such arrears. Subsequent to such payment but not later than January 26, 1959, the Ohio Court entered its judgment in the divorce action which ordered, adjudged, and decreed that the marriage theretofore existing between Margie and petitioner be dissolved, awarded custody of the minor children to Margie with the right granted to petitioner to visit with the children not more than once each week, awarded to Margie alimony and support money in the amount of $100 per month to be paid in advance each month by petitioner commencing January 15, 1959, directed petitioner to pay to Margie in advance each month the sum of $150 per month commencing January 15, 1959, for the support of the minor children, and awarded to Margie a judgment against petitioner in the amount of $75 *298 on the arrearage accruing from the temporary support order. During 1959 petitioner made seven payments pursuant to this judgment of the Ohio Court by checks drawn by him to the order of "Cashier of Domestic Relations," each in the sum of $250 and dated respectively on February 14, March 14, April 15, May 17, June 16, July 16, and August 15. Of these seven payments totaling the sum of $1,750 Margie received the sum of $1,732.59. [1]
During August 1959 Margie moved with the minor children from Columbus, Ohio, to Colorado where she and the children resided during the balance of 1959. The minor children above referred to were a girl named Jorita, 12 years old, and a boy named Kenneth, 11 years old. Petitioner visited with the children once each week while they were in Columbus. Some of the places to which he took them during these visits (none lasting over night) were "bowling, swimming, horseback riding, skating, amusement park, dinner, and so on." He also took them "to Cinerama in Cincinnati, Ohio," and to Ohio *299 Caverns which is about 50 miles from Columbus. During 1959 he gave each of them a birthday present and a Christmas present, including the gift of a watch. Petitioner's expenditures in connection with such entertainment and gifts were not less than $60. Margie filed an income tax return for the year 1959 with the district director of internal revenue at Denver, Colorado, in which she reported the receipt of alimony payments in the total sum of $925 (including the total amount of the $225 payment of petitioner made on January 19, 1959) and $2,800 in wages earned by her as a school teacher, and claimed exemptions for both children. In connection with an audit of this return made by an employee in the office of that district director she signed a Form 2038 (Information to Support Exemption Claimed for Dependent on Federal Income Tax Return) for each child. These forms showed the total amount expended during 1959 for the support of Kenneth to be $1,206.34 and the total amount expended for the support of Jorita to be $1,185.85. In an interview with the employee of that district director Margie submitted check stubs, a household budget book, and (in connection with the purchase of clothing) *300 some receipts to substantiate a number of the expenses, and made estimates with regard to the others which were accepted by the employee as reasonable. In a deposition taken in connection with this proceeding and made a part of the record herein Margie testified that the amounts of support shown in the Forms 2038 were reasonable. These forms showed contributions by petitioner to the support of Kenneth and Jorita in the respective amounts of $516.29 and $516.30, or a total amount of $1,032.59 (the net proceeds to Margie from the seven payments of $250 each made to Margie by petitioner in 1959 subsequent to the divorce decree, less the sum of $100 of each of such seven payments which she was to receive as alimony). Subsequent to this audit, the office of the district director of internal revenue at Denver allowed to Margie the two exemptions for dependents claimed by her in her return for 1959. Less than half of the support of the two minor children of petitioner and Margie was received from petitioner. Opinion KERN, Judge: The narrow question of fact presented by this case is whether over half of the support of each of the two children of petitioner and his former wife, Margie, *301 was received from petitioner. The burden of proof is on petitioner and includes not only the burden of proving the amounts paid by petitioner during the taxable year for the support of his children but also the total amount spent for such support. Aaron F. Vance, 36 T.C. 547; Bernard C. Rivers, 33 T.C. 935. This burden cannot be met by "showing that someone else is not entitled to the exemption he is claiming." See Warren C. Mawhinney, 43 T.C. 443 (Jan. 18, 1965), at page 7 of mimeographed advance sheet. In order to answer this question it is necessary to determine the total amount expended for the support of each child during the taxable year and the amount of such support received from the petitioner. The only figures in the record which purport to reflect the total amounts expended during the taxable year for the support of petitioner's children are those set out in the Forms 2038 filed by Margie with an employee of respondent. Margie testified, on deposition as a witness called by petitioner, that these were reasonable figures, and they were accepted as reasonable by an employee of respondent on audit of Margie's return. Neither petitioner *302 nor respondent introduced any other evidence to establish figures for the support of the children which differed from the figures set out in the Forms 2038. However, petitioner did testify as to possible additions thereto on account of entertainment furnished by him to the children during the first half of 1959 on the occasion of his weekly visits with them and presents given to them by him on their birthdays and at Christmas (including a watch given to each). No testimony was given by him as to the cost, or even estimated cost, of such entertainment and presents. However, it is obvious that they involved some expenditures and, in an attempt to comply with the so-called Cohan rule, we have found that the total of such expenditures was not less than $60. Adding $30 to the figures shown on the Forms 2038, we conclude that the total amount expended during the taxable year for the support of Jorita was $1,215.85, and the total amount expended for the support of Kenneth was $1,236.34. From the seven payments made by petitioner subsequent to the divorce, Margie received from petitioner the sum of $1,032.59 for the support of both children. In addition, petitioner gave Margie a check on *303 January 19, 1959, immediately prior to the divorce decree, for $225, pursuant to a court order calling for the payment of $225 per month as temporary alimony and support money for herself and the two children. This order did not specifically allocate any part of this payment to the support of the children. Therefore, Margie correctly treated the entire payment of $225 as alimony and reported it as her taxable income in her return for 1959. See Commissioner v. Lester, 366 U.S. 299. Accordingly, no part of this payment can be considered as a payment for the support of the children. Even though we take the figure of $1,059 as the total amount paid by petitioner to Margie for the support of the children in 1959 (rather than the amount of $1,032.59 which she represented as having been received by her for this purpose), and even though we add thereto the sum of $60 as having been paid by petitioner for their entertainment and presents during the taxable year, we are unable to find on the record herein that petitioner made expenditures for the support of his children in excess of the total amount of $1,110, or the amount of $555 for each child. [2] See Ollie J. Kotlowski, 10 T.C. 533. *304 Since the amount expended for the support of Jorita in 1959 was $1,215.85 and the amount expended for the support of Kenneth was $1,236.34, it follows that more than half of such support of each child was not received from petitioner, and we therefore conclude that petitioner is not entitled to deduct any exemption for dependents in 1959. Petitioner appears to argue that since he only made seven payments in 1959 pursuant to the divorce decree totaling $1,750 and since the decree called for 11 1/2 payments of $150 a month during 1959 for the support of his children (or a total of $1,725), therefore, under the provisions of section 71(b), Internal Revenue Code of 1954, [3] $1,725 of the $1,750 paid by him in that year must be considered as payments for the support of his children. This argument is without merit. Section 71(b) refers to specific payments ordered by the divorce decree (in this case $150 *305 a month for the support of the children and $100 a month for alimony). Not one of the payments made by petitioner in 1959 pursuant to the divorce decree was less than the amount specified in the decree. Petitioner on brief has presented certain constitutional arguments citing the 5th and 14th amendments. To the extent to which we understand them, we disagree with them. Decision will be entered for the respondent. Footnotes
1. The record does not disclose the reason why Margie received this amount rather than the full amount of the payments made by petitioner in the total sum of $1,750.↩
2. Even if we accept the figure of $152.28 urged on brief by petitioner as having been expended by him for entertainment and presents in 1959, the total amount expended by him for the support of his children would only be $1,202.28, or $601.14 for each child.↩
3. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩