John F. Moton, Jr. and Janice F. Moton v. Commissioner.
Moton v. Commissioner
Docket No. 5206-68
United States Tax Court
T.C. Memo 1970-185; 1970 Tax Ct. Memo LEXIS 174; 29 T.C.M. (CCH) 847; T.C.M. (RIA) 70185; June 30, 1970, Filed John F. Moton, Jr., pro se, Route 1, Woodstock, Va.L. Buck Fowler, for the respondent. KERN
Memorandum Opinion KERN, Judge: Respondent determined a deficiency of $105.00 in petitioners' federal income tax liability for the year 1965 resulting from the denial of a dependency exemption claimed by petitioners with respect to a minor daughter of petitioner John F. Moton, Jr. by a former marriage. John F. Moton, Jr. will hereafter sometimes be referred to as petitioner. The parties have stipulated the following facts: The petitioners are individuals, husband and wife, who presently reside at, and who at the time of filing *175 of the petition in this case resided at, Route 1, Woodstock, Virginia. The petitioners filed their joint federal income tax return for the calendar year 1965 with the District Director of Internal Revenue, Richmond, Virginia. A copy of said return is attached hereto and marked as Exhibit 1-A. That as a result of the marriage between John F. Moton, Jr. and Marie Ella 848 Moton, there were five children born, namely, Larry Allen Moton, Lavon Marie Moton, John Franklin Moton, III, Kathy Ann Moton and Dixie Lee Moton. That the petitioner, John F. Moton, Jr. and Marie Ella Moton were divorced on April 7, 1964. That under the terms of the divorce Marie Ella Moton was given custody of the five children. That under the terms of the divorce John F. Moton, Jr. was ordered to pay $31.25 per week to Marie Ella Moton for child support. [1]
*176 That during the taxable year 1965 John F. Moton, Jr. paid $446.00 to Marie Ella Moton for child support. That on their 1965 joint federal income tax return the petitioners claimed a $600.00 dependency exemption for Dixie Lee Moton. The respondent, in his statutory notice of deficiency dated August 9, 1968, disallowed the dependency exemption claimed by the petitioners for Dixie Lee Moton. We incorporate herein by this reference the exhibit referred to in the stipulation. The parties have agreed that all of petitioner's children by his former marriage were minors during the taxable year at issue. The five children lived with their mother in a rented home during that year. Petitioner paid the rent therefor during the early months of that year which was included in the amount of $446.00 stipulated to have been paid by petitioner for child support during the year. Petitioner's wife was employed during 1965, but he believed that she earned no more than $2,000.00 during the year. Petitioner did not know the total amount spent for the support of the child, Dixie Lee Moton, claimed by him as a dependent. Petitioner did not know what portion of the $446.00 he paid to Marie Ella Moton *177 for child support was spent on Dixie Lee Moton or any of his other four children by his prior marriage. Section 151 of the Internal Revenue Code of 1954, as in effect for the year 1965, provides that a deduction should be allowed of "an exemption of $600 for each dependent (as defined in section 152) * * * who is a child of a taxpayer." Section 152 provides that "the term 'dependent' means [a son or daughter of the taxpayer] over half of whose support * * * was received from the taxpayer." In order to prove that he is entitled to a deduction of the exemption here claimed, the taxpayer must prove that over half of the support of the child or children alleged to have been his dependent or dependents was received from the taxpayer. Robert I. Brown, 48 T.C. 42; James H. Fitzner, 31 T.C. 1252. In this case petitioner has failed to prove that he provided over half of the support of his five children of his former marriage, and has failed to prove that he provided over half of the support of Dixie Lee Moton, one of those five children. In his brief petitioner appears to argue that since the court order did not specify that his support *178 payments must be divided equally between the five children and since the amount of his payments in 1965 was probably in excess of half of the total expenditure for the support of one of the five children, he should be entitled to claim a dependency exemption with respect to at least one of the five children. Such an argument was considered and rejected in Ollie J. Kotlowski, 10 T.C. 533, on facts quite similar to those in the instant case. On authority of the cited case, Decision will be entered for the respondent. Footnotes
1. We note that while this fact is stipulated, the decree of the Circuit Court of Shenandoah County, Virginia dated April 7, 1964 which fixed the amount of petitioner's weekly payments to Marie Ella Moton, a copy of which was admitted into evidence as respondent's exhibit B, did not specify whether the payments were to be made for the benefit of petitioner's former wife or for the five children of his former marriage.↩