JOHN E. AND CAROL B. CLARK, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Clark v. Commissioner
Docket Nos. 5413-77, 6279-77, 10333-78, 10631-78.
United States Tax Court
T.C. Memo 1980-24; 1980 Tax Ct. Memo LEXIS 558; 39 T.C.M. (CCH) 954; T.C.M. (RIA) 80024; January 28, 1980, Filed *558 Both former spouses claimed entitlement to the dependency exemption deductions with respect to their children. Held: sec. 152(e)(2)(B) applied to allocate exemption deductions between former spouses. John E. Clark, pro se. Jo Ann Clark, pro se. Aubrey C. Brown, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By letter dated March 22, 1977 respondent determined deficiencies in income taxes paid by petitioners John E. Clark and Carol B. Clark for their taxable year ended December 31, 1974 in the *560 amount of $1,153.42. By letter dated June 13, 1978 respondent determined deficiencies in income taxes paid by these same petitioners in the amounts of $724 for their taxable year ended December 31, 1975 and $212.02 for their taxable year ended December 31, 1976. Separate petitions were filed in respect of each deficiency notice. Petitioners' taxable year 1974 was assigned docket No. 5413-77. Petitioners' taxable years 1975 and 1976 were assigned docket No. 10333-78. [2]
By letter dated March 22, 1977 respondent determined a deficiency in income taxes paid for Jo Ann Clark's taxable year ended December 31, 1974 in *561 the amount of $406.34. By letter dated June 13, 1978 respondent determined deficiencies due for petitioner Jo Ann Clark's taxable years ended December 31, 1975 and December 31, 1976 in the amounts of $172.36 and $321.74, respectively. Separate petitions were filed inr espect of each deficiency notice. Petitioner Jo Ann Clark's petition with respect to her taxable year 1974 was assigned docket No. 6279-77. Her petition with respect to her taxable years 1975 and 1976 was assigned docket No. 10631-78. The only issue for our decision herein is the proper allocaton between former spouses of certain dependency exemption deductions. While adjustments other than those with respect to the dependence exemption deductions before us were made by respondent in respect of petitioners John E. and Carol B. Clark's income in docket Nos. 5413-77 and 10333-78, these petitioners put none of these other adjustments in issue except to allege an overpayment of $213.48 with respect to their taxable year 1976 based upon an additional claimed interest expense. As petitioners John E. and Carol B. Clark failed to pursue this allegation, however, either on brief or at trial, they must be deemed to have *562 abandoned it. The dependency exemption deductions are the only item at issue for petitioner Jo Ann Clark in her docket Nos. 6279-77 and 10631-78. FINDINGS OF FACT Some of the facts were stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner Jo Ann Clark is the ex-wife of petitioner John E. Clark. At all times relevant hereto petitioner Jo Ann Clark resided in Jeffersonville, Indiana. Jo Ann Clark filed her 1974, 1975, and 1976 individual Federal income tax returns on the cash basis with the Memphis Service Center, Memphis, Tennessee. Petitioner John E. Clark is the ex-husband of Ms. Jo Ann Clark. Petitioners John E. and Carol B. Clark resided in Louisville, Kentucky at all times relevant hereto. They filed joint Federal income tax returns on a cash basis with the Memphis Service Center, Memphis, Tennessee. As petitioner Carol B. Clark is a party hereto solely by virtue of having filed jointly with her husband John E. Clark, petitioners in docket Nos. 5413-77 and 10333-78 shall hereinafter be referred to as Mr. Clark. Petitioner Jo Ann Clark shall hereinafter be referred to as Ms. Clark. *563 The marriage between Mr. Clark and Ms. Clark produced three children: Susan Clark (Susan) born on September 23, 1958, John E. Clark, Jr. (John) born on July 1, 1960 and David Clark (David) born on May 14, 1968. Mr. Clark and Ms. Clark were divorced on May 14, 1971. Ms. Clark was awarded custody of Susan, John and David. Ms. Clark had custody of Susan, John and David throughout 1974, 1975 and 1976. At all times relevant hereto all these children resided with their mother. While one or more of the children had part-time jobs during the taxable years before us, each child received over half of his support during the taxable years in issue from his parents. In each of the years 1974 and 1975, Mr. Clark claimed dependency exemptions for Susan, John and David. In 1976 Mr. Clark claimed dependency exemptions for John and David. In each of the years 1974 and 1976, Ms. Clark claimed dependency exemptions for Susan, John and David. In 1975 Ms. Clark claimed dependency exemption only for David. The divorce decree does not state which of these petitioners was to claim Susan, John and/or David as his/her dependent for Federal income tax purposes. There is no written agreement *564 between Mr. Clark and Ms. Clark providing who would be entitled to the dependency exemptions for their children. As a result of the divorce decree, during 1974, 1975 and 1976, Mr. Clark was under order to pay $70 per week for the support and maintenance of his children. During 1974, 1975 and 1976, Mr. Clark paid Ms. Clark $3,640 per year, as required by the divorce decree. In 1974 the following amounts were expended for the support of each child: 1974
Household Expenses:
Total
Fair rental value of furnished home
$3,120.00
Utilities--Gas
182.02
Electricity (Public Service
186.11
of Indiana)
Telephone
224.55
Water
167.51
Garbage collection
41.50
Pest control
0
Newspaper
53.25
Food
2,900.00
Total Household Expenses
$6,874.94
Susan
John
David
1/4 of household expenses as above
$1,718.74
$1,718.74
$1,718.74
School (i.e. "Education,
School lunches")
125.00
150.00
32.40
Medical expenses
0
0
0
Weekly allowances
156.00
156.00
0
Clothes and gifts
200.00
250.00
100.00
Entertainment and transportation
200.00
200.00
0
Hair cuts
0
0
0
0
Child care payments
0
0
682.00
Total Support
$2,399.74
$2,474.74
$2,533.14
*565 In 1975 the following amounts were paid for the support of each child: 1975
Household Expenses:
Total
Fair rental value of furnished house
$3,600.00
Utilities--Gas
165.33
Electric
217.40
Telephone
216.33
Water
183.55
Garbage collection
36.50
Pest control
80.00
Newspaper
50.40
Food
2,860.00
Total Household Expenses
$7,409.31
Susan
John
David
1/4 of household expenses as above
$1,852.33
$1,852.33
$1,852.33
School expenses
83.37
37.05
31.78
Medical expenses
158.53
28.96
30.09
Weekly allowances/school lunches
260.00
260.00
110.60
Clothes and gifts
273.83
216.96
67.99
Entertainment and transportation
150.00
150.00
75.00
Hair cuts
0
24.00
24.00
Child care payments
0
0
61.50
Total Support
$2,778.06
$2,569.30
$2,253.29
In 1976 the following amounts were expended for the support of each child: 1976
Household Expenses:
Total
Fair rental value of furnished house
$4,500.00
Utilities--Gas
256.74
Electric
265.58
Telephone
252.47
Water
185.04
Garbage collection
45.00
Pest control
40.00
Newspaper
49.55
Food
3,120.00
Total Household Expenses
$8,714.38
*566 Susan
John
David
1/4 of household expenses as above
$2,178.60
$2,178.60
$2,178.60
School expenses
16.75
112.03
118.25
Medical expenses
7.12
0
0
Weekly allowances/school lunches
175.00
175.00
0
Clothes and gifts
318.00
279.64
239.00
Entertainment and transportation
160.00
160.00
75.00
Hair cuts
0
0
0
Child care payments
0
0
0
Total Support
$2,855.47
$2,905.27
$2,610.85
OPINION The only issue for our decision herein is the location of the right, as between former spouses, to take the dependency exemption deductions attributable to the support of the former couple's three children. As usual, respondent functioned herein merely as a stakeholder. The dispute is a purely factual one. While the record is unsatisfactory we have found the facts as best we could. To the extent Ms. Clark's support claims appeared reasonable we have allowed them in full. To the extent that they appeared unreasonable we have reduced them applying principles analogous to those described in Cohan v. Commissioner, 39 F.2d 540, 544 (2nd Cir. 1930). The relevant law has been well explicated. All three children qualify as "dependents", *567 within the meaning of section 151(e), for whom a dependency exemption deduction under section 151(a) is allowable according to the rules set forth in section 152(e). [3] Of course, the general rule of section 152(e)(1) requires that we give all the deductions in issue to Ms. Clark, as the custodial parent, unless one of the two special rules of section 152(e)(2) applies to grant one or more of them to Mr. Clark. *568 As there is no relevant written agreement or provision in the divorce decree dealing with the issue at hand, the special rule of section 152(e)(2)(A) does not apply. Thus if Mr. Clark is to prevail it must be under the terms of section 152(e)(2)(B). We have found that Mr. Clark provided a total of $3,640 for the support of his three children during each of the taxable years in issue. As there is no evidence in the record which would indicate a contrary allocation Mr. Clark's support payments must be deemed to have been made on behalf of each child equally. Kotlowski v. Commissioner, 10 T.C. 533, 536 (1948). We find, therefore, that Mr. Clark provided $1,213.33 for the support of each child during each of the taxable years before us. As Mr. Clark provided more than $1,200 for the support of each of his children he clearly satisfies the requirements of section 152(e)(2)(B)(i). The onus falls upon Ms. Clark, therefore, to establish by a clear preponderance of the evidence that she, the custodial parent, provided more for the support of each of her children than did Mr. Clark. Section 152(e)(2)(B)(ii), section 1.152-4(d)(3), Income Tax Regs. Our findings of *569 fact reflect the extent to which she has carried that burden. We conclude that each parent provided the following amounts for the support of each child during the following taxable years (the greater amount provided for any child in any year is marked by an asterisk): 1974
Susan
John
David
Mr. Clark
$1,213.33 *
$1,213.33
$1,213.33
Ms. Clark
1,186.41
1,261.41 *
1,319.81 *
Total
$2,399.74
$2,474.74
$2,533.14
1975
Mr. Clark
$1,213.33
$1,213.33
$1,213.33 *
Ms. Clark
1,564.73 *
1,355.97 *
1,039.96
Total
$2,778.06
$2,569.30
$2,253.29
1976
Mr. Clark
$1,213.33
$1,213.33
$1,213.33
Ms. Clark
1,642.14 *
1,691.94 *
1,397.52 *
Total
$2,855.47
$2,905.27
$2,610.85
Thus we conclude that Ms. Clark, the custodial parent, has clearly established that she provided more for the support of Susan in 1975 and 1976, John in 1974, 1975 and 1976 and David in 1974 and 1976 than did Mr. Clark. Mr. Clark is entitled to all the remaining dependency exemption deductions in issue, i.e. for Susan, in 1974 and David in 1975. Decisions will be entered under Rule 155. Footnotes
1. By Order dated March 12, 1979, in which the Court granted Petitioners' Motion for Consolidation (endorsed "no objection" by respondent), the following cases were consolidated for trial, briefing, and opinion: John E. Clark and Carol B. Clark, docket Nos. 5413-77 and 10333-78; Jo Ann Clark, docket Nos. 6279-77 and 10631-78.↩
2. These docket numbers as well as those originally assigned to petitioner Jo Ann Clark's petitions (infra↩) were originally docketed as small tax cases and, therefore, had the so-called "S" designation following the docket numbers shown above. All docket numbers for all petitifoners were removed from the small tax case category by joint motions of all petitioners, unopposed by respondent, and granted by Order of the Court dated March 13, 1978 with respect to docket Nos. 5413-77 and 6279-77 and an Order dated February 9, 1979 with respect to docket Nos. 10333-78 and 10631-78.
3. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions.--In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * *
(e) Additional Exemption for Dependents.-- (1) In General.--An exemption of $750 for each dependent (as defined in section 152)-- * * *
(B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. SEC. 152. DEPENDENT DEFINED. (a) General Definition.--For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer * * *, * * *
(e) Support Test in Case of Child of Divorced Parents, Et Cetera.-- (1) General Rule.--If-- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced * * * (B) such child is in the custody of one or more of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragaph (2), as having received over half of his support for such year from the other parent * * * (2) Special Rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.↩